**Richard HAMZIK, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 04–654T.

United States Court of Federal Claims.

March 14, 2005.

Richard Hamzik, pro se.

Jennifer Dover Spriggs, United States Department of Justice, Washington, D.C., with whom was Eileen J. O'Connor, Assistant Attorney General, for defendant.

**ORDER**

ALLEGRA, Judge.

On April 14, 2004, plaintiff filed his complaint in this action, seeking a refund of an alleged overpayment of his taxes. On May 28, 2004, the Internal Revenue Service (IRS) sent plaintiff a notice of deficiency relating to the tax year in question. On June 14, 2004, defendant filed a motion to dismiss this complaint for lack of subject matter jurisdiction. Thereafter, this case was stayed under section 7422(e) of the Internal Revenue Code (26 U.S.C.),[1] which stay terminated, on its own accord, on October 25, 2004.

At issue is whether this court has jurisdiction over this matter. Section 7422(a) of the Code provides that a refund suit may not be filed "until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." Further, section 6532(a)(1) of the Code indicates that "[n]o suit or proceeding under section 7422(a) ... shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon." Unless these requirements are met, a refund suit may not be maintained. *See United States v. Dalm,* 494 U.S. 596, 602, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990); *Draper v. United States,* 62 Fed.Cl. 409, 411–12 (2004); *Wertz v. United States,* 51 Fed.Cl. 443, 446 (2002).

Plaintiff asserts that he met these requirements when, on February 20, 2004, he filed his Form 1040, U.S. Individual Income Tax Return, for the tax year 2000.[2] On this form,

---

1. This provision states, in pertinent part:

    If the Secretary prior to the hearing of a suit brought by a taxpayer in ... the United States [Court of Federal Claims] for the recovery of any income tax ... mails to the taxpayer a notice that a deficiency has been determined in respect of the tax which is the subject matter of taxpayer's suit, the proceedings in taxpayer's

    suit shall be stayed during the period of time in which the taxpayer may file a petition with the Tax Court for a redetermination of the asserted deficiency, and for 60 days thereafter.

    26 U.S.C. § 7422(e) (2000).

2. Plaintiff's filing of the Form 1040 was apparently prompted by correspondence from the IRS: On October 19, 2003, the IRS sent him a backup

plaintiff listed zeroes for all forms of income and adjusted gross income, claimed various dependency exemptions, and listed $23,420.55 in line 58 for "federal income tax withheld from Forms W–2 and 1099." He sought a refund of this entire amount, annotating the form with a constitutional objection and a claim that his "signature does not imply taxpayer status." On January 14, 2005, pursuant to court order, the parties filed simultaneous briefs addressing the question whether this Form 1040 constituted a "claim for refund" within the meaning of section 7422(a).

A "properly executed individual ... income tax return ... shall constitute a claim for refund or credit ... for the amount of the overpayment disclosed by such return (or amended return) ... if it contains a statement setting forth the amount determined as an overpayment and advising whether such amount shall be refunded to the taxpayer." 26 C.F.R. § 301.6402–3(a)(5) (2004); see also Comm'r v. Lundy, 516 U.S. 235, 245, 116 S.Ct. 647, 133 L.Ed.2d 611 (1996) (discussing the regulation); Levitsky v. United States, 27 Fed.Cl. 235, 239–40 (1992) (same). While the Treasury Regulations prescribe several other requirements for a valid claim for refund,[3] the threshold question here, nonetheless, is whether the return filed by plaintiff constituted a "properly executed" return so as potentially to serve as a claim for refund.

A broad constellation of cases has held that a return which lacks essential financial information and, in particular, contains no recitation of taxpayer's income, is not a properly executed return for purposes of the tax laws. See, e.g., United States v. Goetz, 746 F.2d 705, 707 (11th Cir.1984) ("alleged tax returns which do not contain any financial information are not 'returns' "); United States v. Mosel, 738 F.2d 157 (6th Cir.1984) ("[I]t is not enough for a form to contain some information; there must also be an honest and reasonable intent to supply the information required by the tax code."); United States v. Rickman, 638 F.2d 182, 184 (10th Cir.1980) (the "return did not reflect his income" and therefore did not constitute a proper return); United States v. Moore, 627 F.2d 830, 835 (7th Cir.1980), cert. denied, 450 U.S. 916, 101 S.Ct. 1360, 67 L.Ed.2d 342 (1981) (incomplete and inaccurate information on income does not make it a valid return when "there is no real attempt to comply with the requirements of filing a return."); United States v. Smith, 618 F.2d 280, 281 (5th Cir.1980), cert. denied, 449 U.S. 868, 101 S.Ct. 203, 66 L.Ed.2d 87 (1980) (" 'returns' which contained nothing but zeros and constitutional objections, plainly did not even purport to disclose the required information").[4] While the tax issues in these cases have run the gamut, and include what is a "return" for criminal tax purposes, numerous opinions have applied these same principles in concluding that forms lacking essential financial information do not constitute "properly executed" returns for purposes of the refund claim provisions of section 301.6402–3(a)(5). See, e.g., Deyo v. Internal Revenue Service, 2004 WL 2051217 (D.Conn.2004); Reinhart v. United

___

withholding notification, in which the agency indicated that plaintiff did not timely file his income tax return for the year 2000.

3. Thus, 26 C.F.R. § 301.6402–2(b)(1), requires a taxpayer to state the specific grounds upon which a refund is claimed and the factual basis pertinent thereto, stating "[t]he claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof." This regulation stresses that "[a] claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit." Various courts have held that this specificity requirement applies to returns deemed claims for refund under § 301.6402–3(a)(5). See, e.g., In re Ryan, 64 F.3d 1516, 1521–22 (11th Cir.1995); Beckwith Realty, Inc. v. United States, 896 F.2d 860, 863 (4th Cir.1990).

4. To be sure, in United States v. Long, 618 F.2d 74 (9th Cir.1980), the Ninth Circuit held valid a tax return, which inserted zeros in the spaces for exemptions, income tax, and tax withheld. It concluded that "[a] return containing false or misleading figures is still a return." Id. at 76. The rationale in Long, however, has been universally rejected by courts outside the Ninth Circuit. As explained by the Seventh Circuit in Moore:

> [I]t is not enough for a form to contain some income information; there must also be an honest and reasonable intent to supply the information required by the tax code .... In our self-reporting tax system the government should not be forced to accept as a return a document which plainly is not intended to give the required information.

627 F.2d at 835; see also Mosel, 738 F.2d at 158; Rickman, 638 F.2d at 184.

*States,* 2004 WL 1950335 (W.D.Tex.2004); *Taylor v. United States,* 2001 WL 721850 (D.D.C.2001); *Wall v. United States,* 2000 WL 1141655 (C.D.Ill.2000); *Irwin v. United States,* 1999 WL 718594 (E.D.Mich.1999); *Porcaro v. United States,* 1999 WL 1249329 (E.D.Mich.1999); *Maruska v. United States,* 77 F.Supp.2d 1035, 1039 (D.Minn.1999).

As in these cases, plaintiff here failed to comply with the requirements of filing a properly executed return. Plaintiff's Form 1040 is replete with zeroes in response to most inquiries—except the amount of tax withheld and refund claimed—and thus failed to include any reliable information upon which the IRS could accurately calculate his taxes, or the amount of taxes he owed or had overpaid. While this form "might reasonably be considered a protest," "under no circumstances can it be rationally construed as a return." *Mosel,* 738 F.2d at 158. It follows, *a fortiori,* that since the Form 1040 filed by plaintiff is not a valid return, it cannot serve as claim for refund.

Indeed, assuming *arguendo* that plaintiff's Form 1040 could serve as claim for refund, it remains that plaintiff would not meet the timing provision of section 6532(a)(1). Recall, that section provides that no refund suit "shall be begun before the expiration of 6 months from the date of filing the claim required under such section, unless the Secretary renders a decision thereon." Here, plaintiff filed his Form 1040 on or about February 20, 2004, and filed his complaint in this court less than two months later, on April 14, 2004. Thus, were his Form 1040 considered a refund claim under the Treasury Regulations, his suit still would be premature. *See Thomas v. United States,* 56 Fed.Cl. 112, 120 (2003); *Weiner v. United States,* 15 Cl.Ct. 43, 46 (1988).

Plaintiff has failed to abide by the requirements of 26 U.S.C. § 7422(a). Accordingly, this court concludes that plaintiff's complaint should be dismissed under RCFC 12(b)(1). The Clerk shall dismiss the complaint, without prejudice.

**IT IS SO ORDERED.**

