**Thomas KEHMEIER, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 09–638T.**

United States Court of Federal Claims.

Dec. 7, 2010.

Thomas Kehmeier, Peoria, Arizona, pro se.

Shelley Drake de Alth, United States Department of Justice, Tax Division, Washington, D.C., for defendant.

## OPINION AND ORDER

HODGES, Judge.

Mr. Kehmeier filed a claim for refund on zero wage income for the 2008 income tax year. The Internal Revenue Service responded to plaintiff's claim with a letter stating that the claim was frivolous. Plaintiff then filed suit in this court alleging overpayment of his taxes. He claimed the entire amount of federal taxes withheld by his employer as damages.

The Government moved to dismiss plaintiff's complaint for lack of jurisdiction. Plaintiff was required to file a proper claim for refund to IRS before suing in this court; an administrative claim for refund is a jurisdictional prerequisite. A routine tax return may be considered such a claim, but defendant has asserted that the tax return must be a valid one. Plaintiff's was not a valid tax return, according to the Government, and therefore he has not met jurisdictional requirements for suing in this court. We agree that Mr. Kehmeier's tax return was not a valid claim for refund, and for that reason we dismiss his Complaint for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiff seeks a refund of an alleged overpayment of income taxes for the 2008 tax year on the grounds that his income is protected by Constitutional guarantees of property rights and provisions related to apportionment of direct taxes. Plaintiff submitted a Form 1040 claiming a zero value in the "Wages, salaries, tips, etc." line, while claiming withholdings in the total amount of $42,251. This is the amount for which he

now seeks a full refund.[1] Plaintiff entered these withholdings on substitute W–2 and 1099–R forms [2] for employer World Airways, Inc. Plaintiff explained that substitute forms were needed because "the company refuses to state the correct amount of taxable 'wages' paid." He determined the amount of tax withheld, plaintiff stated, based on "[c]ompany[-]provided records [and] my Constitutional right to resort to the source . . . ." According to defendant, World Airways reported to IRS that it paid plaintiff a salary of $161,365 during the 2008 tax year.

The IRS responded to plaintiff's 2008 claim for a $42,251 refund with a letter stating that his purported return was "frivolous and there is no basis in the law for your position." Defendant responded to plaintiff's subsequent Complaint in this court by moving to dismiss the case for lack of jurisdiction. The Government asserts that plaintiff's return is not a valid claim as defined by Treasury Regulations and as required by the Internal Revenue Code. *See* 26 U.S.C. § 7422(a); 26 C.F.R. §§ 301.6402–2, –3(a).

The IRS sent plaintiff a notice of deficiency after he filed this lawsuit, and we stayed the case pending resolution of that notice, as required by statute. *See* 26 U.S.C. 7422(e). The stay terminated on October 8, 2010, upon the expiration of the statutory period.

## DISCUSSION

■ We have jurisdiction to entertain suits for refund of federal taxes. 28 U.S.C. § 1346(a); 28 U.S.C. § 1491. The taxpayer must establish jurisdiction by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed.Cir.1988). We are "obligated to assume all factual allegations to be true and to draw all reasonable inferences in plaintiff's favor" when considering a motion to dismiss for lack of subject matter jurisdiction. *Henke v. United States*, 60 F.3d 795, 797 (Fed.Cir. 1995).

■ Claims for refund are among cases in which Congress required a party who would sue the Government to exhaust available administrative remedies before suing in federal court. *See, e.g.*, 26 U.S.C. § 7422(a). In the case of tax refunds, a plaintiff must first file a claim for refund with the IRS, before suing in this court. *Id.* The claim for refund must be "according to the provisions of law . . ., and the regulations of the Secretary established in pursuance thereof." *Id.* Treasury Regulations state,

> in the case of an overpayment of income taxes, a claim for credit or refund of such overpayment shall be made on the appropriate income tax return . . . . A return or amended return shall constitute a claim for refund or credit if it contains a statement setting forth the amount determined as an overpayment and advising whether such amount shall be refunded to the taxpayer . . . .

26 C.F.R. § 301.6402–3(a). In case of doubt whether a "frivolous" return could qualify for an administrative claim, the law makes clear that such a claim "must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof . . . . A claim which does not comply with this paragraph will not be considered *for any purpose* as a claim for refund or credit." 26 C.F.R. § 301.6402–2(b)(1) (emphasis added).

This court and a number of circuits have held that a return that "lacks essential financial information" is not a properly executed return. *E.g., Hamzik v. United States*, 64

---

**1.** Beyond the $0 wage income declaration, plaintiff's 2008 tax return contained additional financial information. Plaintiff claimed $78,321 in itemized deductions, including a $45,070 casualty loss from credit card fraud. Plaintiff did report taxable income of $4,248.39 from a profit-sharing plan. Plaintiff claimed this income on his Form 1040 and on a Form 4852, Substitute for a 1099–R, and explained that a 1099 was "[r]equested but the company refuses to separate this Profit–Sharing distribution from the W–2 it submitted." Further, plaintiff submitted a corrected form 1099–B from Monex Credit Company showing $0 in proceeds from the sale of "5 Silver Ingots, 100 oz. ea." In contrast, defendant states that Monex Credit Company reported to the IRS that plaintiff earned $6,650 in gross proceeds from the sale of these silver ingots.

**2.** Plaintiff entered information on two Forms 4852, Substitutes for Forms 1099–R and W–2.

Fed.Cl. 766, 767 (2005).[3] Most cases have concluded that tax returns reporting zero wages cannot serve as claims for refund because they fail to include information upon which a tax could be calculated. *See, e.g., Hamzik,* 64 Fed.Cl. at 767. Thus, the threshold question is whether plaintiff's return was filed "according to the provisions of law," sufficient to serve as a claim for refund. 26 U.S.C. § 7422(a).

■ Plaintiff contends that he met the jurisdictional requirements of the Internal Revenue Code when he filed his Form 1040 Individual Income Tax Return and Form 4852 Substitute for Form W–2 for tax year 2008. On the Form 1040 line, "Wages, salaries, tips, etc.," plaintiff placed a zero. He claimed as the total federal income tax withheld $42,251. The Complaint states that information contained in the plaintiff's return is based on his "Constitutional right to resort to the source whence his income is derived as secured under the [Fifth] Amendment guarantee to property." Plaintiff states,

> [t]he source of the income in question is plaintiff's personal property and, a national tax imposed on the income from personal property is a direct tax … and is subject to the regulation as to apportionment. Because no tax-imposing operation exists anywhere in the Internal Revenue Code that is currently being apportioned, no tax is payable.

Am. Compl. 3–4. Plaintiff asks us to follow the analysis of the Court of Appeals for the Ninth Circuit in *Long,* 618 F.2d 74. However, if *Long* holds that a taxpayer's zero return is valid in these circumstances, it stands alone among the circuits in that regard.

An income tax return may constitute a claim for refund, but plaintiff's return does not meet the legal requirements of a valid tax return. The rationale is stated in *United States v. Moore,* 627 F.2d 830, 835 (7th Cir. 1980):

> [I]t is not enough for a form to contain some income information; there must also be an honest and reasonable intent to supply the information required by the tax code…. In our self-reporting tax system the government should not be forced to accept as a return a document which plainly is not intended to give the required information.

*Moore,* 627 F.2d at 835. Plaintiff is correct in his contention that the zero entry alone does not necessarily disqualify his claim, but he could not reasonably have believed that his return contained information sufficient for it to be considered a valid tax return. *See United States v. Mosel,* 738 F.2d 157, 158 (6th Cir.1984).

## CONCLUSION

Plaintiff has alleged that IRS "insists on assessing a tax on the income from this Plaintiff's own labor and this Plaintiff's own silver…." His arguments regarding Congress' authority to levy taxes without violating the Constitution are beyond this court's jurisdiction to address. Plaintiff did not comply with the requirements of a properly executed return. He did not include reliable information upon which the IRS could calculate his taxes accurately. Thus, plaintiff did not take the administrative steps necessary to gain subject matter jurisdiction in this court.

Plaintiff's motion for additional hearings and requests for subpoena are moot and therefore DENIED. Defendant's motion to dismiss plaintiff's Complaint for lack of jurisdiction is GRANTED. The Clerk of Court will dismiss plaintiff's complaint without prejudice. No costs.

---

**3.** A Ninth Circuit case may have ruled to the contrary. *See United States v. Long,* 618 F.2d 74 (9th Cir.1980) (noting that "[a] return containing false or misleading figures is still a return").