**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert L. MOSEL, Defendant-Appellant.**

No. 83–3455.

United States Court of Appeals,
Sixth Circuit.

Argued April 17, 1984.

Decided July 6, 1984.

Rehearing and Rehearing En Banc
Denied Sept. 14, 1984.

Joseph Rocco (argued), Donald W. MacPherson, Phoenix, Ariz., for defendant-appellant.

Robyn R. Jones, John R. Fisher (argued), Columbus, Ohio, for plaintiff-appellee.

Before ENGEL and MERRITT, Circuit Judges, and HILLMAN, District Judge.[*]

PER CURIAM.

Robert Mosel appeals from his conviction on two counts of willfully supplying false and fraudulent statements on withholding certificates in violation of 26 U.S.C. § 7205 (1976) and on two counts of willfully failing to file an income tax return in violation of 26 U.S.C. § 7203 (1976).

Mosel, who had been a taxpaying citizen and an employee of the Ohio Bell Telephone Company, claimed that some time in

---

[*] The Honorable Douglas W. Hillman, Judge, United States District Court for the Western District of Michigan, sitting by designation.

158

late 1979 he had been exposed to the teaching of one Irwin Schiff. Mr. Schiff believed that compliance with tax laws was voluntary and not mandatory, and that a taxpayer's rights under the Fifth Amendment were violated by the requirement that returns be filed by taxpayers. He also claimed that any duty to prepare returns and to assess returns rested with the Treasury and not with the individual taxpayer. Inspired by Mr. Schiff, Mosel submitted to the government a Form 1040 tax return for the year 1980 on which he indicated that he had zero income from wages, and interest, that he owed no income taxes, and that he was entitled to a refund on all of the taxes which had been withheld by his employer for that year.

In 1980 Mosel also submitted a W–4 to his employer on which he indicated that he was exempt from withholding because he had no tax liability the year before and expected none that year. In 1981 he submitted a similar W–4 form and he did not file an income tax return.

The government determined that Mosel had a taxable income in 1980 of $33,940.75 in wages and $518.33 in interest. In 1981 Mosel's taxable income was determined to have been $35,007.11 in wages and $1,780.33 in interest and dividends. Mosel was sentenced to one year in prison for each of the four counts of which he was convicted, each sentence to be served consecutively.

Mosel now claims that he was improperly convicted for failing to file a tax return for the year 1980 because he did submit a return indicating that he owed no taxes. Mosel also claims that the lower court erred by not instructing the jury that Mosel's belief in the unconstitutionality of the tax laws could constitute a misunderstanding of law depriving him of the requisite willful intent. Lastly, Mosel challenges the tax laws on a number of constitutional grounds.

Mosel's principal argument concerns the submission of the Form 1040 for the year 1980. He claims that because he did in fact file an income tax return for that year and because he filled in the blanks of that form with zeroes as above indicated, he cannot, as a matter of law, be found guilty of failing to file a return in violation of 26 U.S.C. § 7203. Mosel asserts that under *United States v. Long*, 618 F.2d 74 (9th Cir.1980), his 1980 return was a valid return, even if erroneous, because a tax could be computed from the information contained on the form. He therefore argues that, although the information might be false and its submission a crime under 26 U.S.C. § 7206, a felony, it cannot be a crime under section 7203, a misdemeanor.

Upon consideration, we reject the position of the Ninth Circuit and hold instead that the Form 1040 submitted was properly construed as no return because of its failure to include any information upon which tax could be calculated. Accordingly, we align ourselves with those circuits which have specifically considered and rejected the Ninth Circuit's decision in *Long*. *United States v. Rickman*, 638 F.2d 182 (10th Cir.1980); *United States v. Moore*, 627 F.2d 830 (7th Cir.1980) *cert. denied*, 450 U.S. 916, 101 S.Ct. 1360, 67 L.Ed.2d 342 (1981); *see also United States v. Smith*, 618 F.2d 280 (5th Cir.), *cert. denied*, 449 U.S. 868, 101 S.Ct. 203, 66 L.Ed.2d 87 (1980); *United States v. Grabinski*, 558 F.Supp. 1324 (D.Minn.1983). We particularly agree with the Seventh Circuit's observation in *United States v. Moore* that

> ... [I]t is not enough for a form to contain some income information; there must also be an honest and reasonable intent to supply the information required by the tax code .... In our self-reporting tax system the government should not be forced to accept as a return a document which plainly is not intended to give the required information.

627 F.2d at 835.

Although Mosel's argument has some surface appeal in that the symbol zero has mathematical meaning, we conclude that no reasonable person employing such a symbol in these circumstances could understand that he had submitted the information which is required in a tax return. Mo-

sel's 1980 Form 1040 might reasonably be considered a protest, but under no circumstances can it be rationally construed as a return.

The other issues raised are without merit, have already been resolved adverse to the taxpayer by this and other circuits, and need not be further addressed here.

AFFIRMED.