T.C. Summary Opinion 2005-120

UNITED STATES TAX COURT

BRYANT KEITH ADAMS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 15732-03S, 10326-04S.     Filed August 11, 2005.

Bryant Keith Adams, pro se.

<u>Edwina L. Jones</u>, for respondent.

GOLDBERG, <u>Special Trial Judge</u>:  These consolidated cases were heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time each petition was filed.  The decisions to be entered are not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to

the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

In separate notices of deficiency, respondent determined that petitioner is liable for the following deficiencies in Federal income taxes and additions to tax:

Docket No. 15732-03S

| Taxable Year | Deficiency | Addition to Tax Sec. 6651(a)(1) |
|---|---|---|
| 2001 | $2,876 | $539.25 |

Docket No. 10326-04S

| | | Additions to Tax | |
| Taxable Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654(a) |
|---|---|---|---|
| 2002 | $4,048 | $1,153.68 | $135.27 |

After concessions,[1] the issues for decision are: (1) Whether petitioner had unreported wage income of $24,036 and $25,732 from Wal-Mart Associates, Inc., for taxable years 2001 and 2002, respectively; (2) whether petitioner had unreported wage income of $1,815 for taxable year 2001 from National Restaurant Enterprises, Inc., also known as Ameriking; (3) whether petitioner is liable for the additions to tax under section 6651(a)(1) for failure to file his income tax returns for

---

[1]At trial, respondent conceded that the unreported income from real estate sales of $10,500, which was determined in the notice of deficiency for taxable year 2002, does not need to be reported because petitioner actually suffered a loss on the sale of the property.

taxable years 2001 and 2002; and (4) whether petitioner is liable for the addition to tax under section 6654(a) for failure to pay estimated taxes for taxable year 2002.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the respective petitions were filed, petitioner resided in Statesville, North Carolina.

During the taxable years at issue, petitioner was married to Terri Adams (Ms. Adams). Ms. Adams filed a Federal income tax return separately for taxable years 2001 and 2002.

Also during taxable years 2001 and 2002, petitioner was employed by Wal-Mart Associates, Inc. (Wal-Mart), and received salary of $24,036 and $25,732, respectively. Wal-Mart issued to petitioner Forms W-2, Wage and Tax Statement, which reflected these amounts as wages. During taxable year 2001, petitioner was also employed by National Restaurant Enterprises, Inc., also known as Ameriking (Ameriking), and received a salary of $1,815. Ameriking issued to petitioner a Form W-2 which reflected this amount as wages.

Petitioner submitted to respondent a Form 1040, U.S. Individual Income Tax Return, for taxable year 2001, dated March 22, 2002. However, the return was not received by the Internal

Revenue Service until May 7, 2002. Petitioner entered zeros on line 7 for wages and salaries, line 22 for total income, lines 33 and 34 for adjusted gross income, line 39 for taxable income, line 40 for tax, and line 58 for total tax. Petitioner also reported, on his Form 1040, Federal income tax withheld of $719.40 on line 59, and he claimed a refund of an overpayment in this amount.

Petitioner attached copies of each of his Forms W-2 for 2001 to the 2001 Federal income tax return. Also attached to the 2001 Form 1040 is a two-page document in which petitioner explains his position regarding his entering zeros on that Form. In this document petitioner argues, inter alia, that no section of the Internal Revenue Code establishes an income tax liability or provides that income taxes have to be paid on the basis of a return, that he is protected by the Fifth Amendment of the Constitution from providing information on a return, that he had "zero" income according to the Supreme Court's definition of income since he had no earnings in 2001, and that he is putting the IRS on notice that his 2001 tax return and claim for refund cannot be considered "frivolous" on any basis pursuant to section 6702, and various similar arguments.

Petitioner also submitted to respondent a Form 1040X, Amended U.S. Individual Income Tax Return, for taxable year 2001, dated April 16, 2002. The Form 1040X was received by the

Internal Revenue Service on April 20, 2002. Petitioner entered zeros, on the Form 1040X, on line 1 for adjusted gross income, line 5 for taxable income, line 6 for tax, and line 10 for total tax.

Petitioner again reported, on his Form 1040X, Federal income tax withheld of $719.40 on line 11, and he claimed a refund of an overpayment in this amount. Petitioner explained his entitlement to the refund in the amount of $719.40 by claiming:

> Due to ignorance we reported as income sources of income as being income itself when in fact I had no statutory income tax to report. Apart from line 1 above I also had no statutory liability with respect to income taxes and pursuant to code sec. 31(a)(1) I have a constitutional right to have the wage tax imposed in section 3402(a)(1) refunded since it represents an unapportioned direct tax on wages and thus would be unconstitutional if I could not have the [sic] refunded because of the misleading of code sec. 3402(a)(1). I did not realize that what was deducted from my pay was not income taxes but a direct tax on my wages.

The Internal Revenue Service did not process either the Form 1040 for taxable year 2001 or the Form 1040X for taxable year 2001. Petitioner was informed in a letter dated September 13, 2002, that the Form 1040 for taxable year 2001 "does not contain the information the law requires you to give, and it does not comply with certain Internal Revenue Code requirements."

Respondent issued a notice of deficiency to petitioner for taxable year 2001 on August 6, 2003, based on the substitute for return procedures. In the notice of deficiency, respondent determined that petitioner received wage income of $25,851 during

taxable year 2001. Respondent also determined that petitioner is liable for a tax deficiency of $2,876 and an addition to tax pursuant to section 6651(a)(1) of $539.25 for taxable year 2001.

In correspondence submitted to respondent on June 28, 2004, petitioner claims that he does not owe income tax for taxable year 2001 because he filed a Form W-4, Employee's Withholding Allowance Certificate, claiming that he is "exempt" from withholding.

Petitioner did not file a tax return for taxable year 2002. Petitioner submitted a letter to respondent, which respondent received on August 6, 2004, which stated that he had not filed an income tax return for 2002 because "I didn't have to file one." Petitioner reasons that because he filed a Form W-4 claiming that he is "exempt" from withholding, he has no tax liability. Specifically petitioner states:

> Because every year, I also turn in a withholding exemption certificate, so I have no tax withheld, because I have no tax liability. Plus I call the IRS and asked them if I have no taxes taken out for the yr [year] do I have to file and they said no.

Respondent issued a notice of deficiency to petitioner for taxable year 2002 on May 28, 2004, based on the substitute for return procedures. As relevant here, respondent determined that petitioner received wage income of $25,732 during taxable year 2002 and that petitioner is liable for a tax deficiency of $4,048

and additions to tax pursuant to sections 6651(a)(1) and 6654(a) of $1,153.68 and $135.27, respectively, for taxable year 2002.

## Discussion

As a general rule, the determinations of the Commissioner in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving them to be in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). As one exception to this rule, section 7491(a) places upon the Commissioner the burden of proof with respect to any factual issue relating to liability for tax if the taxpayer maintained adequate records, satisfied the substantiation requirements, cooperated with the Commissioner, and introduced during the Court proceeding credible evidence with respect to the factual issue. We decide the issues in these cases without regard to the burden of proof. Accordingly, we need not decide whether the general rule of section 7491(a)(1) is applicable. See Higbee v. Commissioner, 116 T.C. 438 (2001). Respondent, however, has the burden of production with respect to the additions to tax. Sec. 7491(c); Higbee v. Commissioner, supra at 446-447.

## 1. Unreported Wage Income

As previously stated, respondent determined that petitioner received wage income of $25,851 during taxable year 2001 and wage income of $25,732 during taxable year 2002. However, petitioner contends that because he filed a Form W-4 claiming that he is

"exempt" from withholding, he has no tax liability for salaries received of $25,851 and $25,732 during taxable years 2001 and 2002, respectively. Petitioner further contends that no section of the Internal Revenue Code establishes an income tax liability or provides that income taxes have to be paid on the basis of a return and that he had "zero" income according to the Supreme Court's definition of income.

Section 61(a) defines gross income as "all income from whatever source derived," unless otherwise provided. The Supreme Court has consistently given this definition of gross income a liberal construction "in recognition of the intention of Congress to tax all gains except those specifically exempted." Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 430 (1955); see also Roemer v. Commissioner, 716 F.2d 693, 696 (9th Cir. 1983) (all realized accessions to wealth are presumed taxable income, unless the taxpayer can demonstrate that an acquisition is specifically exempted from taxation), revg. 79 T.C. 398 (1982). It is beyond contention that wages represent gross income. See sec. 61(a)(1); United States v. Connor, 898 F.2d 942, 943 (3d Cir. 1990); Grimes v. Commissioner, 82 T.C. 235, 237 (1984).

Petitioner has failed to provide any evidence to disprove respondent's determinations. He simply presented this Court with frivolous contentions that merit no discussion. See Rowlee v. Commissioner, 80 T.C. 1111 (1983); Hallock v. Commissioner, T.C.

Memo. 1983-684. Thus, we sustain respondent's determination that petitioner's wages constitute gross income under section 61(a).

2. Additions to Tax

   a. Section 6651

Respondent determined that petitioner is liable for additions to tax for: (1) Failure to file a timely return for taxable year 2001 pursuant to section 6651(a)(1); and (2) failure to file a timely return for taxable year 2002 pursuant to section 6651(a)(1).

Section 6651(a)(1) imposes an addition to tax for failure to timely file a tax return. The addition to tax is equal to 5 percent of the amount of the tax required to be shown on the return if the failure to file is not for more than 1 month. See sec. 6651(a)(1). An additional 5 percent is imposed for each month or fraction thereof in which the failure to file continues, to a maximum of 25 percent of the tax. See id. Section 6651(a)(2) provides for an addition to tax of 0.5 percent per month, up to 25 percent, for failure to pay the amount shown or required to be shown on a return. A taxpayer may be subject to both paragraphs (1) and (2), in which case the amount of the addition to tax under section 6651(a)(1) is reduced by the amount of the addition to tax under section 6651(a)(2) for any month to which an addition to tax applies under both paragraphs (1) and

(2).  The combined amounts under paragraphs (1) and (2) cannot exceed 5 percent per month.  Sec 6651(c)(1).

The additions to tax under section 6651(a)(1) are applicable unless the taxpayer establishes:  (1) The failure to file did not result from "willful neglect"; and (2) the failure to file was "due to reasonable cause".  United States v. Boyle, 469 U.S. 241, 245-246 (1985); Heman v. Commissioner, 32 T.C. 479, 489-490 (1959), affd. 283 F.2d 227 (8th Cir. 1960).  If petitioner exercised ordinary business care and prudence and was nonetheless unable to file his return within the date prescribed by law, then reasonable cause exists.  See sec. 301.6651-1(c)(1), Proced. & Admin. Regs.  "Willful neglect" means a "conscious, intentional failure or reckless indifference."  United States v. Boyle, supra at 245.

Petitioner filed what he claimed to be a valid return and amended return for taxable year 2001.  However, these purported returns contain zeros on the relevant lines for computing petitioner's tax liability.  Respondent did not accept these returns and treated the documents that petitioner filed as frivolous returns.

To determine whether a taxpayer has filed a valid return, we follow the test set forth in Beard v. Commissioner, 82 T.C. 766, 777 (1984), affd. 793 F.2d 139 (6th Cir. 1986), to the effect that a document constitutes a "return" for Federal income tax

purposes if: (1) It contains sufficient data to calculate tax liability; (2) it purports to be a return; (3) it represents an honest and reasonable attempt to satisfy the requirements of the tax law; and (4) it is executed under penalties of perjury. The majority of courts, including this Court, have held that, generally, a return that contains only zeros is not a valid return. See United States v. Mosel, 738 F.2d 157 (6th Cir. 1984); United States v. Grabinski, 727 F.2d 681 (8th Cir. 1984); United States v. Rickman, 638 F.2d 182 (10th Cir. 1980); United States v. Moore, 627 F.2d 830 (7th Cir. 1980); United States v. Smith, 618 F.2d 280 (5th Cir. 1980); Turner v. Commissioner, T.C. Memo. 2004-251; Lee v. Commissioner, T.C. Memo. 1986-294; Cline v. Commissioner, T.C. Memo. 1982-44; Teixera v. United States, 85 AFTR 2d 1657, 2000-1 USTC par. 50,479 (D.S.C. 2000). For example, in United States v. Moore, supra at 835, the Court of Appeals for the Seventh Circuit noted that a tax might conceivably be calculated on the basis of the zero entries; however, "it is not enough for a form to contain some income information; there must also be an honest and reasonable intent to supply the information required by the tax code." See also United States v. Mosel, supra at 158. In United States v. Edelson, 604 F.2d 232, 234 (3d Cir. 1979), the Court of Appeals for the Third Circuit stated: "it is now well established that tax forms that do not contain financial information upon which a

taxpayer's tax liability can be determined do not constitute returns within the meaning of the Internal Revenue Code".

The Forms 1040 and 1040X that petitioner submitted contain only zero entries and an entry of the Federal income tax withheld, and it is clear from the attachments to those returns that he did not make an honest and reasonable attempt to supply the information required by the Internal Revenue Code. We hold that petitioner did not file valid returns. Petitioner did not establish that his failure to file was due to reasonable cause. We therefore sustain the section 6651(a)(1) addition to tax with respect to taxable year 2001, as determined.

As previously stated, petitioner did not file a tax return for taxable year 2002. Petitioner submitted a letter to respondent, which respondent received on August 6, 2004, which stated that he had not filed an income tax return for 2002 because "I didn't have to file one." Petitioner reasons that because he filed a Form W-4 claiming that he is "exempt" from withholding, he has no tax liability. Specifically petitioner states:

> Because every year, I also turn in a withholding exemption certificate, so I have no tax withheld, because I have no tax liability. Plus I call the IRS and asked them if I have no taxes taken out for the yr [year] do I have to file and they said no.

Petitioner's filing a Form W-4 does not "exempt" him from filing a Federal income tax return for taxable year 2002.

Although petitioner has provided a reason for failing to file his 2002 return, he has not provided a reason for which his failure to file can be excused. Respondent has carried his burden of producing evidence to show the applicable addition to tax is appropriate. Petitioner has failed to show that he exercised ordinary business care and prudence in this case. We conclude petitioner is liable for the addition to tax pursuant to section 6651(a)(1) with respect to taxable year 2002. Because of respondent's concession, the addition to tax pursuant to section 6651(a)(1) applicable to taxable year 2002 requires computation.

   b.  <u>Section 6654(a)</u>

Respondent also determined that petitioner is liable for an addition to tax for the underpayment of estimated tax pursuant to section 6654(a) for taxable year 2002.

Section 6654(a) provides that in the case of an underpayment of estimated tax by an individual, there shall be added to the tax an amount determined by applying the underpayment rate established under section 6621 to the amount of the underpayment for the period of the underpayment. Unless the taxpayer demonstrates that one of the statutory exceptions applies, imposition of the section 6654(a) addition to tax is mandatory where prepayments of tax, either through withholding or by making estimated quarterly tax payments during the course of the taxable year, do not equal the percentage of total liability required

under the statute.  See sec. 6654(a); <u>Niedringhaus v.</u>
<u>Commissioner</u>, 99 T.C. 202, 222 (1992).

The amount of the addition to tax under section 6654(a)
stated in the notice of deficiency is based on the return
respondent prepared for petitioner before the issuance of the
notice of deficiency.  Nothing in the record indicates petitioner
made the required amount of estimated tax payments for taxable
year 2002.  Petitioner has not shown that he falls within any of
the exceptions to the section 6654(a) addition to tax.  See sec.
6654(e); <u>Grosshandler v. Commissioner</u>, 75 T.C. 1, 20-21 (1980).
Accordingly, we conclude petitioner is liable for the addition to
tax pursuant to section 6654(a) for taxable year 2002.  Because
of respondent's concession, the addition to tax applicable to
taxable year 2002 requires computation.

We have considered all of the other arguments made by the
parties, and, to the extent that we have not specifically
addressed them, we conclude they are without merit.

Reviewed and adopted as the report of the Small Tax Case
Division.

To reflect respondent's concession and our resolution of
the disputed matters,

<u>Decisions will be entered</u>

<u>under Rule 155</u>.
