T.C. Summary Opinion 2009-52

UNITED STATES TAX COURT

SCOTT WILLIAMS SMITH AND VIRGINIA MAY SMITH, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4616-08S.            Filed April 15, 2009.

Scott Williams Smith and Virginia May Smith, pro sese.

<u>A. Gary Begun</u>, for respondent.

CHIECHI, <u>Judge</u>:  This case is before the Court on respon-
dent's motion for summary judgment (respondent's motion).  We
shall grant respondent's motion.  Petitioners filed the petition
in this case pursuant to the provisions of section 7463 of the
Internal Revenue Code in effect at that time.[1]  Pursuant to

_____

    [1]Hereinafter, all section references are to the Internal
Revenue Code in effect for the year at issue.  All Rule refer-
                                        (continued...)

section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

## Background

Many of the facts are deemed established pursuant to Rule 90(c). The record establishes and/or the parties do not dispute other facts.

Petitioners resided in Michigan at the time they filed the petition in this case.

During 2005, the year at issue, petitioner Virginia May Smith (Ms. Smith) worked for the organizations listed below and received the compensation indicated:

| Name of Organization | Compensation Received |
|---|---|
| Avci Medical Center, P.C. | $13,570 |
| Michigan Neurosurgical Specialists, P.C.[1] | 14,785 |

[1] In paragraph 8 of respondent's request for admissions, respondent identified the organization for which Ms. Smith worked and from which she received $14,785 during 2005 as Michigan Neurological Specialists, P.C. In paragraph 16 of that request for admissions, respondent identified that organization as Michigan Neurosurgical Specialists, P.C. Other portions of the record for purposes of respondent's motion also identified that organization as Michigan Neurosurgical Specialists, P.C. We find that the organization for which Ms. Smith worked and from which she received $14,785 during 2005 is Michigan Neurosurgical Specialists, P.C.

_____

[1](...continued)
ences are to the Tax Court Rules of Practice and Procedure.

Avci Medical Center, P.C. (Avci Medical Center), and Michigan Neurosurgical Specialists, P.C. (Michigan Neurosurgical Specialists), each reported the amount of compensation that each paid to Ms. Smith and that she received during 2005 in Form W-2, Wage and Tax Statement (Form W-2).

During 2005, Ms. Smith also received a distribution of $1,265 from Metropolitan Life Insurance Co. (Metropolitan Life). Metropolitan Life reported that distribution in Form 1099.[2]

During 2005, Ms. Smith also received compensation of $1,448 from the Michigan Department of Labor and Economic Growth Unemployment Insurance Agency (Michigan Unemployment Insurance Agency). The Michigan Unemployment Insurance Agency reported that compensation in Form 1099-G, Certain Government Payments.

During 2005, petitioner Scott Williams Smith (Mr. Smith) worked for the organizations listed below and received the compensation indicated:

| Name of Organization | Compensation Received |
| --- | --- |
| Unilock Michigan, Inc. | $1,823 |
| Quality Carriers, Inc. | 6,360 |
| TNL Enterprises, LLC | 19,533 |

Unilock Michigan, Inc. (Unilock), Quality Carriers, Inc. (Quality Carriers), and TNL Enterprises, LLC (TNL), each reported the

---

[2]The record does not disclose the type of Form 1099 the payor used.

compensation that each paid to Mr. Smith and that he received during 2005 in Form W-2.

During 2005, Mr. Smith also received compensation of $549 from DJJS Leasing, Inc. (DJJS Leasing).  DJJS Leasing reported that compensation in Form 1099.[3]

Petitioners submitted to respondent Form 1040, U.S. Individual Income Tax Return, for their taxable year 2005 (2005 return) that they signed on August 4, 2006.  The following appeared above their respective signatures:  "american citizens".  In the 2005 return, petitioners entered zero on each line on page 1 relating to "Income" and to "Adjusted Gross Income" except:  Line 19 on which they reported "Unemployment compensation" of $1,448; line 22 on which they reported "total income" of $1,448; and line 37 on which they reported "Adjusted Gross Income" of the same amount.  In the 2005 return, petitioners entered zero on each line on page 2 except:  Line 40 on which petitioners claimed $10,000 of "Itemized deductions"; line 42 on which they claimed $6,400 of "exemptions"; line 64 on which they claimed "Federal income tax withheld from Forms W-2 and 1099" of $11.18; line 67 on which they claimed "Excess social security and tier 1 RRTA tax withheld" of $4,289.53; line 71 on which they claimed "total payments" of $4,300.71; line 72 on which they claimed "amount

---

[3]See supra note 2.

* * * overpaid" of $4,300.71; and line 73a on which they claimed a refund due of $4,300.71.

Petitioners included with the 2005 return Form 4852, Substitute for Form W-2, Wage and Tax Statement, or Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc. (Form 4852), that pertained to each of the five organizations from which Ms. Smith or Mr. Smith received compensation during 2005 that the organization reported in Form W-2. According to Form 4852, the purpose of that form is to serve

> as a substitute for Forms W-2, W-2c and 1099-R and is completed by taxpayers or their representatives when (a) their employer or payer did not give them a Form W-2 or Form 1099-R and (b) when an employer or payer has issued an incorrect Form W-2 or Form 1099-R. * * *

> * * * * * * *

> If you received an incorrect Form W-2 or Form 1099-R, you should always attempt to have your employer or payer issue a corrected form before filing Form 4852.

On August 4, 2006, Ms. Smith signed two of the five Forms 4852 included with the 2005 return. The following appeared next to her signature: "american citizen". On August 4, 2006, Mr. Smith signed three of the five Forms 4852 included with the 2005 joint return. The following appeared next to his signature: "american citizen".

One of the two Forms 4852 that Ms. Smith signed pertained to Avci Medical Center, and one pertained to Michigan Neurosurgical

Specialists.  One of the three Forms 4852 that Mr. Smith signed

pertained to Unilock, one pertained to Quality Carriers, and one

pertained to TNL.  In each of those respective forms, Ms. Smith

or Mr. Smith, as the case may be, indicated:

> For the tax year ending December 31, 2005, I have been
> unable to obtain (or have received an incorrect) * * *
> Form W-2 * * *.
>
> I have notified the IRS of this fact.  The amounts
> shown on line 7 are my best estimates for all wages or
> payments made to me and tax withheld by my employer or
> payer named on line 5.

Ms. Smith completed part 7 of Form 4852 that she signed and

that pertained to Avci Medical Center as follows:

**7(A)** Form W-2. Enter wages, tips, other compensation, and taxes withheld.

| | | |
|---|---|---|
| a Wages, tips, and other compensation <u>0.00</u> | g State income tax withheld . . . . . . <u>0.00</u> |
| b Social security wages . . . . . . . <u>0.00</u> | (Name of state) <u>Michigan</u> |
| c Medicare wages and tips . . . . . . <u>0.00</u> | h Local income tax withheld . . . . . . <u>0.00</u> |
| d Advance EIC payment . . . . . . . . <u>0.00</u> | (Name of locality) <u>Michigan</u> |
| e Social security tips  . . . . . . . <u>0.00</u> | i Social security tax withheld . . . . <u>841.36</u> |
| f Federal income tax withheld . . . . <u>0.00</u> | j Medicare tax withheld . . . . . . . . <u>196.77</u> |

**7(B)** Form 1099-R. Enter distributions from pensions, annuities, retirement/profit-sharing plans, IRAs, insurance contracts, etc.

| | | |
|---|---|---|
| 1 Gross distribution  . . . . . . . . <u>0.00</u> | 4 Federal income tax withheld . . . . . <u>0.00</u> |
| 2a Taxable amount . . . . . . . . . . <u>0.00</u> | 5 State income tax withheld . . . . . . <u>0.00</u> |
| 2b Taxable amount not determined ☐ | 6 Local income tax withheld . . . . . . <u>0.00</u> |
|   Total distribution . . . . . ☐ | 7 Employee contributions  . . . . . . . <u>0.00</u> |
| 3 Capital gain (<u>included in 2a</u>) . . . <u>0.00</u> | 8 Distribution codes  . . . . . . . . . <u>0.00</u> |

Ms. Smith completed part 7 of Form 4852 that she signed and

that pertained to Michigan Neurosurgical Specialists as follows:

**7(A)** Form W-2. Enter wages, tips, other compensation, and taxes withheld.

   a Wages, tips, and other compensation   0.00    g State income tax withheld . . . . . .   0.00
   b Social security wages . . . . . . . .   0.00     (Name of state) <u>Michigan</u>
   c Medicare wages and tips . . . . . .   0.00    h Local income tax withheld . . . . . .   0.00
   d Advance EIC payment . . . . . . . .   0.00     (Name of locality) <u>Michigan</u>
   e Social security tips . . . . . . . .   0.00    i Social security tax withheld . . . . 916.68
   f Federal income tax withheld . . . .   0.00    j Medicare tax withheld . . . . . . . . 214.38

**7(B)** Form 1099-R. Enter distributions from pensions, annuities, retirement/profit-sharing plans, IRAs, insurance contracts, etc.

   1 Gross distribution . . . . . . . .   0.00    4 Federal income tax withheld . . . . .   0.00
   2a Taxable amount  . . . . . . . . .   0.00    5 State income tax withheld . . . . . .   0.00
   2b Taxable amount not determined ☐    6 Local income tax withheld . . . . . .   0.00
    Total distribution . . . . . . ☐    7 Employee contributions . . . . . . .   0.00
   3 Capital gain (<u>included in 2a</u>) . . .   0.00    8 Distribution codes . . . . . . . . .   0.00

    Mr. Smith completed part 7 of Form 4852 that he signed and that pertained to Unilock as follows:

**7(A)** Form W-2. Enter wages, tips, other compensation, and taxes withheld.

   a Wages, tips, and other compensation   0.00    g State income tax withheld . . . . . . 16.36
   b Social security wages . . . . . . . .   0.00     (Name of state) <u>Michigan</u>
   c Medicare wages and tips . . . . . .   0.00    h Local income tax withheld . . . . . .   0.00
   d Advance EIC payment . . . . . . . .   0.00     (Name of locality) <u>Michigan</u>
   e Social security tips . . . . . . . .   0.00    i Social security tax withheld . . . . 113.05
   f Federal income tax withheld . . . . 11.18    j Medicare tax withheld . . . . . . . . 26.44

**7(B)** Form 1099-R. Enter distributions from pensions, annuities, retirement/profit-sharing plans, IRAs, insurance contracts, etc.

   1 Gross distribution . . . . . . . .   0.00    4 Federal income tax withheld . . . . .   0.00
   2a Taxable amount . . . . . . . . . .   0.00    5 State income tax withheld . . . . . .   0.00
   2b Taxable amount not determined ☐    6 Local income tax withheld . . . . . .   0.00
    Total distribution . . . . . ☐    7 Employee contributions . . . . . . .   0.00
   3 Capital gain (<u>included in 2a</u>) . . .   0.00    8 Distribution codes . . . . . . . . .   0.00

    Mr. Smith completed part 7 of Form 4852 that he signed and that pertained to Quality Carriers as follows:

**7(A)** Form W-2. Enter wages, tips, other compensation, and taxes withheld.

| | | | |
|---|---|---|---|
| a Wages, tips, and other compensation | 0.00 | g State income tax withheld . . . . . | 46.96 |
| b Social security wages . . . . . . | 0.00 | (Name of state) Michigan | |
| c Medicare wages and tips . . . . . | 0.00 | h Local income tax withheld . . . . . | 0.00 |
| d Advance EIC payment . . . . . . . | 0.00 | (Name of locality) Michigan | |
| e Social security tips . . . . . . . | 0.00 | i Social security tax withheld . . . . | 394.33 |
| f Federal income tax withheld . . . | 0.00 | j Medicare tax withheld . . . . . . . | 92.22 |

**7(B)** Form 1099-R. Enter distributions from pensions, annuities, retirement/profit-sharing plans, IRAs, insurance contracts, etc.

| | | | |
|---|---|---|---|
| 1 Gross distribution . . . . . . . | 0.00 | 4 Federal income tax withheld . . . . . | 0.00 |
| 2a Taxable amount . . . . . . . . . | 0.00 | 5 State income tax withheld . . . . . . | 0.00 |
| 2b Taxable amount not determined ☐ | | 6 Local income tax withheld . . . . . . | 0.00 |
| Total distribution . . . . . ☐ | | 7 Employee contributions . . . . . . . | 0.00 |
| 3 Capital gain (included in 2a) . . | 0.00 | 8 Distribution codes . . . . . . . . . | 0.00 |

Mr. Smith completed part 7 of Form 4852 that he signed and that pertained to TNL as follows:

**7(A)** Form W-2. Enter wages, tips, other compensation, and taxes withheld.

| | | | |
|---|---|---|---|
| a Wages, tips, and other compensation | 0.00 | g State income tax withheld . . . . . | 0.00 |
| b Social security wages . . . . . . . | 0.00 | (Name of state) Michigan | |
| c Medicare wages and tips . . . . . . | 0.00 | h Local income tax withheld . . . . . | 0.00 |
| d Advance EIC payment . . . . . . . . | 0.00 | (Name of locality) Michigan | |
| e Social security tips . . . . . . . | 0.00 | i Social security tax withheld . . . | 1211.07 |
| f Federal income tax withheld . . . . | 0.00 | j Medicare tax withheld . . . . . . | 283.23 |

**7(B)** Form 1099-R. Enter distributions from pensions, annuities, retirement/profit-sharing plans, IRAs, insurance contracts, etc.

| | | | |
|---|---|---|---|
| 1 Gross distribution . . . . . . . . | 0.00 | 4 Federal income tax withheld . . . . . | 0.00 |
| 2a Taxable amount . . . . . . . . . . | 0.00 | 5 State income tax withheld . . . . . . | 0.00 |
| 2b Taxable amount not determined ☐ | | 6 Local income tax withheld . . . . . . | 0.00 |
| Total distribution . . . . . ☐ | | 7 Employee contributions . . . . . . . | 0.00 |
| 3 Capital gain (included in 2a) . . . | 0.00 | 8 Distribution codes . . . . . . . . . | 0.00 |

In each of the respective Forms 4852 that Ms. Smith signed and that pertained to Avci Medical Center and Michigan Neurosurgical Specialists and in each of the respective Forms 4852 that Mr. Smith signed and that pertained to Unilock, Quality Carriers, and TNL, Ms. Smith or Mr. Smith, as the case may be, gave the following answer to a question asking each of them to "Explain your efforts to obtain Form W-2, Form 1099-R, or Form W-2c, Corrected Wage and Tax Statement": "Requested, but the

company refuses to issue forms correctly listing payments as 'wages as defined in 3401(a) and 3121(a) for fear of IRS Retaliation. The amounts listed as withheld on the W-2 if submitted are correct however". (Reproduced literally.)

Respondent issued a notice of deficiency to petitioners with respect to their taxable year 2005 (2005 notice). In that notice, respondent determined that petitioners had taxable wages of $56,071, nonemployee compensation of $549, and taxable retirement income of $1,265 and that they were entitled to a self-employment tax deduction of $39. In the 2005 notice, respondent also determined that petitioners are liable for an addition under section 6651(a)(1) to, and an accuracy-related penalty under section 6662(a) on, petitioners' tax for their taxable year 2005 of $1,179 and $1,181, respectively.

In an attachment to the petition, petitioners gave the following explanation as to why they disagreed with the determinations in the 2005 notice:

1. 2005 1040 was mailed on August 6, 2006. Included with this return was form 4852 for "Avci Medical Center", "Unilock Michigan, Inc", "TNL Enterprises LLC", "Quality Carriers, Inc." and "Michigan Neurosurgical Specialists."

2. Scott and Virginia work in the private-sector and we have not been paid with Federally connected money for federally connected services performed, nor do we have anything to do with the performance of the functions of a public office.

3. Since there is no requirement to report private-sector payments for private work, the form 4852 is used

to correct the amounts listed on the W-2 forms as a "substitute for form W-2, Wage and Tax Statement, or form 1099-R, Distributions from pension, Annuities, Retirement or Profit Sharing Plan, IRA, Insurance Contract, Etc"

4. Explanation Section of form CP 2000, does not match what was reported, unless the form 4852 was taken into consideration. As mentioned above we have, Under the penalty of perjury, declared that our corrected 4852 form is true and correct to the best of our knowledge. This is our sworn testimony. It could be construed that you are tempting us to change this testimony or other wise tamper with our evidence.

5. A letter was written after our initial submission of our 2005, 1040. This was afer speaking with Mr. Evans Badge #5909013 on September 12, 2006. Mr. Evan's informed me that a computer error occurred on Line 67, of our submitted 1040 form. A letter was submitted allowing 10 days via certified mail w/return receipt requested #7005 1820 0008 0997 9832, asking for written clarification. This clarification was requesting written authorities with specific IRC section/s autho-rizing the alteration of submitted forms. As of this writing this still has not been received. On October 24, 2006 we were asked by the IRS to allow 45 days for response, signature stamped by Dorothy M. Baylis, Operations Manager.

6. I Do not have wages as defined in Internal Revenue Code sections n 3401(a) and 3121(a). [Reproduced literally.]

In another attachment to the petition, petitioners alleged the following as the facts upon which they were relying in support of their disagreement with the determinations in the 2005 notice:[4]

---

[4]At a hearing held on Apr. 23, 2008, respondent orally moved that the Court strike paragraphs 3 through 11, 14 through 16, and 18 of the facts that petitioners alleged in an attachment to the petition in support of their disagreement with the determinations
(continued...)

1  Notice of Deficiency issued before the required
"assessment" was made as required per 26 CFR 601.103(a)

2.  IRS error as proper jurisdiction was properly
challenged each step of the administrative process but
was ignored and unanswered.

\*        \*        \*        \*        \*        \*        \*

12.  IRS error in the presumption that Social Security
Taxes withheld by Private Company Name was authorized
by Proper Name signing a W-4 Voluntary Withholding
Agreement.  When the fact is no W-4 was every signed by
Proper Name and any withholding made have been unlawful
extortion.

13.  IRS error as W-4 information from Private Company
Name used to create the Notice of Deficiency is unveri-
fied hearsay and IRS Agents under Rules of Evidence
Rule 602 "Lack of Personal Knowledge" have no personal
knowledge in this matter.

\*        \*        \*        \*        \*        \*        \*

17.  IRS error in relying on inaccurately reported W-2
statement from Private Company Name that mistakenly
reported ALL CAPS NAME and Estate and/or Gift taxable
income.  IRS Agent failed to do the required Verifica-
tion of Information Return Processing (IRP) Documents
after being notified the reported W-2 was inaccurate
per IRM 4.19.1.6.13 (10-01-2001) Non-filer Case Pro-
cessing "<u>circumstances suggest that the information
report is not reliable or accurate, do not include the
income item in the non-filers income</u>"  [Reproduced
literally.]

On February 5, 2009, the Court issued an Order (February 5,

2009 Order) in which the Court ordered petitioners to file a

written response to respondent's motion, which was to be received

---

⁴(...continued)
in the 2005 notice.  On the same date, the Court issued an Order
granting respondent's oral motion to strike and deeming stricken
all paragraphs of that attachment to the petition except para-
graphs 1, 2, 12, 13, and 17.

by the Court on or before February 20, 2009. Petitioners did not file a response to respondent's motion.

In the February 5, 2009 Order, the Court indicated that in considering respondent's motion the Court reviewed, inter alia, the petition and the attachments to the petition. The Court found in the February 5, 2009 Order that those attachments contain statements, contentions, and/or arguments that are frivolous and/or groundless. In the February 5, 2009 Order, the Court reminded petitioners about section 6673(a)(1) and admonished them that if they continued to advance frivolous and/or groundless statements, contentions, and/or arguments, the Court would impose a penalty not in excess of $25,000 on them under section 6673(a)(1).

## Discussion

The Court may grant summary judgment where there is no genuine issue of material fact and a decision may be rendered as a matter of law. See Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). We conclude that there is no genuine issue of material fact regarding the questions raised in respondent's motion.

We find petitioners' position in this case to be frivolous and groundless. The record establishes that during 2005 each petitioner received certain income that petitioners did not

report in the 2005 return.[5]  We sustain respondent's deficiency determination in the 2005 notice.

We turn now to the addition to tax under section 6651(a)(1) that respondent determined in the 2005 notice.  In the petition, petitioners alleged that they mailed the 2005 return to respondent on August 6, 2006.  Except for unemployment compensation of $1,448, petitioners reported zero income in that return.  We hold that "under no circumstances can * * * [the 2005 return] be rationally construed as a return."  United States v. Mosel, 738 F.2d 157, 159 (6th Cir. 1984);[6] see Beard v. Commissioner, 82 T.C. 766, 777 (1984), affd. 793 F.2d 139 (6th Cir. 1986).  We conclude that respondent has satisfied respondent's burden of production under section 7491(c) with respect to the addition to

---

[5]The only item of income reported in the 2005 return was $1,448 of "Unemployment compensation" that Ms. Smith received.

[6]The United States Court of Appeals for the Sixth Circuit, the Court to which an appeal in this case would normally lie, observed in United States v. Mosel, 738 F.2d 157, 158 (6th Cir. 1984):

> We particularly agree with the Seventh Circuit's observation in United States v. Moore[, 627 F.2d 830, 835 (7th Cir. 1980]] that
>
> > ... [I]t is not enough for a form to contain some income information; there must also be an honest and reasonable intent to supply the information required by the tax code ....  In our self-reporting tax system the government should not be forced to accept as a return a document which plainly is not intended to give the required information.

tax under section 6651(a)(1) that respondent determined in the 2005 notice. We sustain that determination.

We turn finally to the accuracy-related penalty under section 6662(a) that respondent determined in the 2005 notice. We have found petitioners' position in this case to be frivolous and groundless, and we have sustained the deficiency determination in the 2005 notice. We conclude that respondent has satisfied respondent's burden of production under section 7491(c) with respect to the accuracy-related penalty under section 6662(a) that respondent determined in the 2005 notice. We sustain that determination.

Although respondent does not ask the Court to impose a penalty on petitioners under section 6673(a)(1), the Court considers sua sponte whether to impose such a penalty. Section 6673(a)(1) authorizes the Court to require a taxpayer to pay a penalty to the United States in an amount not to exceed $25,000 whenever it appears that a taxpayer instituted or maintained a proceeding in the Court primarily for delay or that a taxpayer's position in such a proceeding is frivolous or groundless.

We believe that petitioners instituted and maintained the instant proceeding primarily for delay. We have found petitioners' position to be frivolous and groundless. Nonetheless, we shall not impose a penalty under section 6673(a)(1) on petition-

ers.[7]  We caution them that they may be subject to such a penalty if in the future they institute or maintain a proceeding in this Court primarily for delay and/or their position in any such proceeding is frivolous or groundless.  See <u>Abrams v. Commissioner</u>, 82 T.C. 403, 409-413 (1984); <u>White v. Commissioner</u>, 72 T.C. 1126, 1135-1136 (1979).

We have considered all of petitioners' statements, contentions, and arguments that are not discussed herein, and we find them to be without merit and/or irrelevant.

On the record before us, we shall grant respondent's motion.

To reflect the foregoing,

<u>An order granting respondent's</u>

<u>motion and decision for respondent</u>

<u>will be entered</u>.

---

[7]Petitioners made no filings in this case after the Court issued its February 5, 2009 Order in which the Court reminded them about sec. 6673(a)(1) and admonished them that the Court would impose a penalty on them under that section if they continued to advance frivolous and/or groundless statements, contentions, and/or arguments.