T.C. Memo. 2012-302

UNITED STATES TAX COURT

CHRISTOPHER E. HUMINSKI, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2396-10.                          Filed October 31, 2012.

Alexander C. Socia, for petitioner.

Michael J. Gabor, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MORRISON, Judge:  The respondent IRS determined deficiencies in the

petitioner's 2005, 2006, 2007, and 2008 federal income tax in the respective

amounts of $50,360, $27,018, $28,159, and $23,838, plus additions to tax under

[*2] sections 6651(a)(2), 6651(f), and 6654.  Unless otherwise indicated, all section references are to the Internal Revenue Code.

Before trial the Court issued a partial summary judgment order stating that Huminski earned unreported income during the years at issue in the same amounts as those underlying the deficiencies determined in the notice of deficiency. Although Huminski had previously opposed this judgment, he does not in his posttrial brief make any further challenges to the deficiency determinations. Therefore, we sustain the deficiency determinations.  Similarly, he does not in his posttrial brief contest the IRS's determinations that he is liable for the additions to tax under section 6651(a)(2) or the additions to tax under section 6654.  Therefore, we sustain these determinations as well.  The only issues remaining for decision are: (1) whether Huminski is liable for fraudulent-failure-to-file additions to tax under section 6651(f) for the years at issue; and (2) whether the Court should impose a penalty on Huminski under section 6673(a)(1) (at trial the IRS made an oral motion to impose this penalty).  We hold that Huminski is liable for the additions to tax under section 6651(f), although we decline to impose a penalty under section 6673(a)(1).[1]

---

[1]We need not address the IRS's alternative contentions, which were asserted
(continued...)

[*3]                         FINDINGS OF FACT

Some facts have been deemed stipulated under Tax Court Rule of Practice & Procedure 91(f) and are so found. Huminski resided in Florida at the time the petition was filed.

Huminski earned a bachelor of science degree and a two-year degree in mechanical design. He took an additional year of education courses to be a certified secondary-education teacher, but he was never certified.

From 1990 to 1995 Huminski received compensation from various companies for making technical drawings of machinery. During these years he filed federal income-tax returns in which he reported the compensation he received for his services. He paid the tax he reported.

From 1996 until 2005, Huminski testified, he was unemployed.[2]

---

[1](...continued)
in its amended answer, (1) that if the additions to tax under sec. 6651(f) do not apply because the Court determines that Huminski filed valid returns, then Huminski should be held liable for additions to tax under sec. 6663, and (2) that if the Court determines that the additions to tax under sec. 6651(f) do not apply because the Court determines that Huminski filed valid returns, and that additions to tax under sec. 6663 do not apply because fraud is not present, then Huminski should be held liable for accuracy-related penalties under sec. 6662.

[2]We do not find as a matter of fact whether this testimony was truthful as it does not affect our conclusions.

**[*4]**   Beginning in 2005 Huminski began making technical drawings for Mid-State Machine & Fabricating Corp.  This company will be referred to as Mid-State Machine.

For tax years 2005, 2006, 2007, and 2008, Huminski filed Forms 1040, U.S. Individual Income Tax Return.  These purported returns were "zero" returns in that on each return he listed zero as the amount of his wages, total income, adjusted gross income, taxable income, and total tax.[3]  To each of his purported returns he attached a self-created form, labeled "Corrected Form 1099-MISC", on which he claimed that he received no income from Mid-State Machine.

However, during 2005, 2006, 2007, and 2008, Huminski received $160,043.93, $87,175, $90,796.85, and $79,550, respectively, for services performed for Mid-State Machine.  For each year Mid-State Machine issued a Form 1099-MISC, Miscellaneous Income, to Huminski reflecting the correct amount it paid him.  For each year Huminski received the correct Form 1099-MISC from Mid-State Machine before he submitted to the IRS the form he labeled "Corrected Form 1099-MISC".

---

[3]The one exception is that on his purported return for 2007, Huminski wrote the words "Not Applicable" in the line for wages.

**[\*5]**  The IRS did not treat Huminski's purported returns as valid returns.  Rather, pursuant to section 6020(b), the IRS prepared substitutes for returns for 2005, 2006, 2007, and 2008.

On November 3, 2009, the IRS mailed a notice of deficiency to Huminski regarding his 2005, 2006, 2007, and 2008 tax years.  Huminski filed a timely petition with the Court.

OPINION

1.    Additions to Tax Under Section 6651(f)

The IRS determined that Huminski is liable for additions to tax under section 6651(f) for fraudulently failing to file his 2005, 2006, 2007, and 2008 tax returns.

Although Huminski mailed the IRS what purported to be tax returns, he filled in zeros for all lines where he should have reported income, and the IRS treated the Forms 1040 as invalid returns.  The majority of Courts of Appeals, as well as this Court, have held that, generally, a return that contains only zeros is not a valid return.  See United States v. Mosel, 738 F.2d 157 (6th Cir. 1984); United States v. Grabinski, 727 F.2d 681 (8th Cir. 1984); United States v. Rickman, 638 F.2d 182 (10th Cir. 1980); United States v. Moore, 627 F.2d 830 (7th Cir. 1980); United States v. Smith, 618 F.2d 280 (5th Cir. 1980); United States v. Edelson,

**[*6]** 604 F.2d 232 (3d Cir. 1979); Cabirac v. Commissioner, 120 T.C. 163, 169 (2003). For example, in Moore, 627 F.2d at 835, the Court of Appeals for the Seventh Circuit noted that a tax might conceivably be calculated on the basis of the zero entries; however, "it is not enough for a form to contain some income information; there must also be an honest and reasonable intent to supply the information required by the tax code." See also Mosel, 738 F.2d at 158. Accordingly, we conclude that the returns Huminski filed were invalid and tantamount to failing to file returns. We must therefore consider whether Huminski's failure to file returns was fraudulent.

In deciding whether a failure to file is fraudulent under section 6651(f), we consider the same elements that are considered in imposing the addition to tax for fraud under former section 6653(b) and present section 6663. Clayton v. Commissioner, 102 T.C. 632, 651-653 (1994). The IRS must establish, by clear and convincing evidence, that Huminki's failure to file was fraudulent. See sec. 7454(a); Clayton v. Commissioner, 102 T.C. at 646, 651-653.

The instant case involves many indicators of fraud. For example, Huminski failed to file valid returns for the years at issue. Huminski failed to make any payments for those years. As he was an independent contractor, Huminski was supposed to prepay his tax in quarterly installments.

**[\*7]**   On brief Huminski argues that his conduct was not fraudulent because he genuinely believed that if someone files an income-tax return that is based on personal knowledge, then the correctness of the return cannot be questioned by the IRS or the courts.  Although he testified that this was his belief, we find his testimony incredible.  Huminski did not have a good-faith misunderstanding of the law.  Huminski knew of his legal duty to file tax returns and pay tax and sought to avoid it.  Huminski has no defense to the fraudulent-failure-to-file additions to tax. See Niedringhaus v. Commissioner, 99 T.C. 202, 217-218 (1992).

We find that the IRS has established fraud by clear and convincing evidence. Thus, Huminski is liable for the additions to tax under section 6651(f) for 2005, 2006, 2007, and 2008.

2.    Section-6673 Penalty

The IRS moved that the Court impose a penalty against Huminski pursuant to section 6673(a)(1).  Section 6673(a)(1) authorizes the Court to require a taxpayer to pay a penalty to the United States in an amount not to exceed $25,000 whenever it appears to the Court that the taxpayer instituted or maintained the proceeding primarily for delay or that the taxpayer's position in the proceeding is frivolous or groundless.

**[*8]** Huminski's posttrial brief, signed by a lawyer that he had retained after trial, is free of frivolous arguments. We decline to impose the penalty against Huminski, although we warn him that making such arguments before this Court in the future will likely result in the imposition of the penalty against him.

3. Conclusion

Huminski is liable for the deficiencies, the additions to tax under section 6651(a)(2), the additions to tax under under section 6651(f), and the additions to tax under section 6654 that the IRS determined.

To reflect the foregoing,

An appropriate order and

decision will be entered.