T.C. Memo. 2011-35

UNITED STATES TAX COURT

PATRICK MICHAEL MOONEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8128-09.               Filed February 7, 2011.

Patrick Michael Mooney, pro se.

<u>Matthew S. Reddington</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WELLS, <u>Judge</u>:  Respondent determined a deficiency in petitioner's 2005 Federal income tax of $3,614 and additions to tax pursuant to sections 6651(a)(2) and (f) and 6654 of $524.03,

$2,620.15, and $144.97, respectively.[1]  The issues we must decide are:  (1) Whether petitioner is liable for a deficiency in income tax; (2) whether petitioner is liable for a failure to timely pay addition to tax pursuant to section 6651(a)(2); (3) whether petitioner is liable for a failure to pay estimated income tax addition to tax pursuant to section 6654; (4) whether petitioner is liable for an addition to tax for fraudulent failure to file pursuant to section 6651(f); and (5) whether petitioner is liable for a penalty pursuant to section 6673.

FINDINGS OF FACT

Some of the facts and certain exhibits have been stipulated. The parties' stipulations of fact are incorporated in this opinion by reference and are found accordingly.  At the time he filed his petition, petitioner resided in Virginia.

Petitioner holds a bachelor's degree in political science from Loyola University in New Orleans, Louisiana, and was previously a high school educator.  Before 2004 petitioner had filed income tax returns since his time in college.

Petitioner operates his own Web site www.unlearning.org, on which he has published, among other things, an editorial entitled "Unlearning Pays! Hendrickson, Mooney & Others Bring IRS to

---

[1]All section references are to the Internal Revenue Code (Code) in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

Heel." In that editorial, he wrote: "[A] private sector worker's earnings are not legally subject to the federal tax on income. They never have been, and as long as we still have a Constitution, they never will be." In that editorial, he also described his plans to request refunds for taxes withheld from his earnings in previous years and to assert that he is not subject to withholding in the current year. He wrote that his strategy is a "'get out of income taxes free' Monopoly card" for life.

In accordance with the plan described on his Web site, petitioner submitted a Form 1040, U.S. Individual Income Tax Return, for his 2005 tax year with zeros in all boxes for reporting income. He claimed a refund of $2,647.48, which was the amount of Social Security and Medicare taxes that had been withheld from his paychecks. He attached to the Form 1040 two Forms 4852, Substitute for Form W-2, Wage and Tax Statement. In his testimony at trial, petitioner stated that his contention that he had zero income in 2005 is based on his belief that he did not participate in any taxable activity since he lives in the Commonwealth of Virginia and works for private corporations. During 2005, petitioner received $32,207 for services performed for Interstate Industries, Inc. (Interstate Industries), and $2,400 for services performed for the Centre, Inc. (the Centre). Petitioner submitted to both entities Forms W-4 on which he

claimed to be exempt from income tax withholding because he expected to have no Federal tax liability.  In consequence, the payors withheld no income tax from his compensation.

Respondent disallowed petitioner's claim for a refund and informed petitioner of the disallowance in a letter dated May 20, 2006, which also warned petitioner that respondent had determined the positions petitioner had taken on his Form 1040, including his claim thereon for a refund, were frivolous.  Respondent also referred petitioner to documents on the Internal Revenue Service Web site titled "Why do I Have to Pay Taxes?" and "The Truth about Frivolous Tax Arguments", which provided petitioner with specific legal citations explaining why frivolous tax-protester arguments similar to his own have been rejected.  Petitioner read both documents.  Petitioner dismissed those warnings and respondent's letter, writing that respondent's position has "no merit in the law", and he protested respondent's disallowance of his refund claim in a letter dated June 15, 2006.

Respondent treated petitioner's 2005 Form 1040 as an invalid return and assessed a $500 frivolous return penalty.  Respondent filed a substitute for return for petitioner, dated September 5, 2008.  On December 31, 2008, respondent issued to petitioner the deficiency notice.  Petitioner timely filed a petition with this Court, disputing the determinations in the deficiency notice.

At trial, petitioner did not dispute that he received from Interstate Industries and the Centre the amounts shown in the deficiency notice, but he claimed, on the basis of various tax-protester arguments, that those amounts were not taxable income.

Petitioner previously advanced similar tax-protester arguments in a proceeding before this Court disputing his tax liability for his 2004 tax year. See Mooney v. Commissioner, docket No. 21647-06 (petitioner's prior case), affd. 309 Fed. Appx. 675 (4th Cir. 2009). In petitioner's prior case we found that petitioner's position was frivolous and groundless and that he had instituted and maintained his case primarily for the purpose of delay. Despite our repeated admonitions that petitioner would be penalized if he did so, he continued to advance frivolous and groundless arguments. In petitioner's prior case we therefore imposed a penalty of $1,000 pursuant to section 6673(a)(1).

OPINION

Petitioner conceded at trial that he received the amount of compensation set out in the notice of deficiency for his 2005 tax year. However, petitioner argues that the income he received in 2005 was not taxable income within the meaning of the law. To support his assertion, petitioner offers only tax-protester arguments and Forms 4852 he prepared himself. The Forms 4852 are

based on tax-protester arguments, and we do not find them credible.

Gross income means all income from whatever source derived, including compensation for services. Sec. 61. Compensation for services rendered constitutes taxable income. Abrams v. Commissioner, 82 T.C. 403, 407 (1984). Petitioner's assertion that the payments he received in 2005 were not taxable income within the meaning of the law are frivolous.[2] We do not address petitioner's frivolous and groundless arguments with "somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." See Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984). Accordingly, we conclude that the income respondent seeks to tax is taxable income under the Code. Consequently, we uphold respondent's determination of a deficiency in petitioner's income tax for his 2005 tax year.

We next consider the issue of the failure to timely pay addition to tax pursuant to section 6651(a)(2). Section 6651(a)(2) provides for an addition to tax for failure to pay tax shown on a return on or before the payment due date. The addition to tax is 0.5 percent per month, with an additional 0.5

---

[2]A taxpayer's argument is frivolous if it is "contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986).

percent per month for each month the failure continues, up to 25 percent. Id. In instances where the taxpayer fails to file a return, the return prepared by the Commissioner pursuant to section 6020(b) shall be treated as the return filed by the taxpayer for the purpose of calculating the addition to tax pursuant to section 6651(a)(2). Sec. 6651(g)(2). For a return prepared by the Commissioner to constitute a section 6020(b) return, it must be subscribed, it must contain sufficient information from which to compute the taxpayer's tax liability, and the return form and any attachments must purport to be a return. Spurlock v. Commissioner, T.C. Memo. 2003-124. Respondent bears the burden of production under section 7491(c), and petitioner bears the burden of proof. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

The record contains a substitute for return for tax year 2005. The substitute for return is subscribed and includes a section 6020(b) certification; Form 4549, Income Tax Examination Changes; and Form 886-A, Explanation of Items. Those forms are sufficient for respondent to compute petitioner's tax liability for tax year 2005, and respondent has certified that they will be treated as a return. Because petitioner has not paid the amount shown on the substitute for return, we uphold respondent's determination of the failure to pay addition to tax pursuant to section 6651(a)(2).

We next turn to the issue of whether petitioner is liable for the failure to pay estimated tax additions to tax pursuant to section 6654(a). The Commissioner bears the burden of production to show that the taxpayer had an estimated tax payment obligation. See sec. 7491(c); Wheeler v. Commissioner, 127 T.C. 200, 211-212 (2006), affd. 521 F.3d 1289 (10th Cir. 2008). However, if the taxpayer fails to assign error to an addition to tax or a penalty, he is deemed under Rule 34(b)(4) to have conceded the penalty. See Swain v. Commissioner, 118 T.C. 358 (2002). We explained the interrelationship of Rule 34(b)(4) and section 7491(c) as follows:

> An individual must first challenge a penalty by filing a petition alleging some error in the determination of the penalty. If the individual challenges a penalty in that manner, the challenge generally will succeed unless the Commissioner produces evidence that the penalty is appropriate. If an individual does not challenge a penalty by assigning error to it (and is, therefore, deemed to concede the penalty), the Commissioner need not plead the penalty and has no obligation under section 7491(c) to produce evidence that the penalty is appropriate.

Id. at 364-365. Although petitioner specifically assigned error in his petition to the additions to tax under section 6651(f) and (a)(2), he failed to mention section 6654 or contest in any way the addition to tax for failure to pay estimated tax. Accordingly, we hold that, because petitioner did not assign error in his petition to the addition to tax pursuant to section 6654, he is deemed to have conceded it. See Rule 34(b)(4); Funk

v. Commissioner, 123 T.C. 213, 217-218 (2004); Swain v. Commissioner, supra at 365.

We address next whether petitioner is liable for the addition to tax pursuant to section 6651(f) for fraudulently failing to file a return.  Although petitioner filed what purported to be a tax return for his 2005 tax year, he filled in zeros for all lines where he should have reported income, and respondent treated the return as an invalid return.  Respondent now contends that petitioner should be liable for a penalty for fraudulently failing to file a return.

The majority of courts, including this Court, have held that, generally, a return that contains only zeros is not a valid return.  See United States v. Mosel, 738 F.2d 157 (6th Cir. 1984); United States v. Grabinski, 727 F.2d 681 (8th Cir. 1984); United States v. Rickman, 638 F.2d 182 (10th Cir. 1980); United States v. Moore, 627 F.2d 830 (7th Cir. 1980); United States v. Smith, 618 F.2d 280 (5th Cir. 1980); United States v. Edelson, 604 F.2d 232 (3d Cir. 1979); Cabirac v. Commissioner, 120 T.C. 163, 169 (2003).  For example, in United States v. Moore, supra at 835, the Court of Appeals for the Seventh Circuit noted that a tax might conceivably be calculated on the basis of the zero entries; however, "it is not enough for a form to contain some income information; there must also be an honest and reasonable intent to supply the information required by the tax code."  See

also United States v. Mosel, supra at 158.  Accordingly, we conclude that the return petitioner filed for his 2005 tax year was invalid and tantamount to failing to file a return.  We must therefore consider whether petitioner's failure to file a return should be considered fraudulent.

In deciding whether a failure to file is fraudulent under section 6651(f), we consider the same elements that are considered in imposing the addition to tax for fraud under former section 6653(b) and present section 6663.  Clayton v. Commissioner, 102 T.C. 632, 653 (1994).  Fraud is defined as an intentional wrongdoing designed to evade tax believed to be owing.  Powell v. Granquist, 252 F.2d 56 (9th Cir. 1958); Miller v. Commissioner, 94 T.C. 316, 332 (1990).  The Commissioner bears the burden of demonstrating fraud by clear and convincing evidence.  Sec. 7454(a); Rule 142(b).  The existence of fraud is a question of fact to be resolved upon consideration of the entire record.  Korecky v. Commissioner, 781 F.2d 1566, 1568 (11th Cir. 1986), affg. per curiam T.C. Memo. 1985-63; Estate of Pittard v. Commissioner, 69 T.C. 391 (1977).  To carry the burden of proof on the issue of fraud, the Commissioner must show, for each year in issue, that (1) an underpayment of tax exists and (2) some portion of the underpayment is due to fraud.  Petzoldt v. Commissioner, 92 T.C. 661, 699 (1989).

With respect to the first prong of the test, the Commissioner need not prove the precise amount of the underpayment resulting from fraud, but only that some part of the underpayment of tax for each year in issue is attributable to fraud.  Lee v. United States, 466 F.2d 11, 16-17 (5th Cir. 1972); Plunkett v. Commissioner, 465 F.2d 299, 303 (7th Cir. 1972), affg. T.C. Memo. 1970-274.

The Commissioner must show that the taxpayer intended to evade taxes known or believed to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes. Korecky v. Commissioner, supra at 1568; Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983).  Fraud is not to be imputed or presumed, but rather must be established by some independent evidence of fraudulent intent.  Beaver v. Commissioner, 55 T.C. 85, 92 (1970); Otsuki v. Commissioner, 53 T.C. 96, 106 (1969). However, fraud need not be established by direct evidence, which is rarely available, but may be proved by surveying the taxpayer's entire course of conduct and drawing reasonable inferences therefrom.  Spies v. United States, 317 U.S. 492, 499 (1943); Korecky v. Commissioner, supra at 1568; Rowlee v. Commissioner, supra at 1123.  Although fraud may not be found under "'circumstances which at the most create only suspicion'", Petzoldt v. Commissioner, supra at 700 (quoting Davis v. Commissioner, 184 F.2d 86, 87 (10th Cir. 1950), remanding a

Memorandum Opinion of this Court), the intent to defraud may be inferred from any conduct the likely effect of which would be to conceal, mislead, or otherwise prevent the collection of taxes believed to be owing, Spies v. United States, supra at 499.

Courts have relied on a number of indicia or badges of fraud in deciding whether to sustain the Commissioner's determinations with respect to the additions to tax for fraud.  Although no single factor may be necessarily sufficient to establish fraud, the existence of several indicia may be persuasive circumstantial evidence of fraud.  Solomon v. Commissioner, 732 F.2d 1459, 1461 (6th Cir. 1984), affg. per curiam T.C. Memo. 1982-603; Beaver v. Commissioner, supra at 93.

Circumstantial evidence that may give rise to a finding of fraudulent intent includes:  Understatement of income; inadequate records; failure to file tax returns; concealment of assets; failure to cooperate with tax authorities; filing false Forms W-4; failure to make estimated tax payments; and engaging in illegal activity.  Bradford v. Commissioner, 796 F.2d 303, 307 (9th Cir. 1986), affg. T.C. Memo. 1984-601.  The "badges of fraud" are nonexclusive.  Miller v. Commissioner, supra at 334. The taxpayer's background and the context of the events in question may be considered as circumstantial evidence of fraud.

Spies v. United States, supra at 497; Plunkett v. Commissioner, supra at 303.

The instant case involves many badges of fraud. Petitioner is intelligent and well educated and properly filed and paid taxes for a number of years before he recently began to claim, on the basis of various tax-protester arguments, that his income is not subject to Federal income taxation. Petitioner wrote on his Web site about his efforts to avoid paying income taxes, characterizing his plan as a "'get out of income taxes free' Monopoly card". Pursuant to the strategy described on his Web site, he failed to report any income on his 2005 Form 1040; yet he acknowledged at trial that he did receive income during 2005. Petitioner received and has read Internal Revenue Service publications discussing tax-protester arguments like the ones he has employed and explaining why such arguments fail. Despite petitioner's being fully informed by respondent about the frivolous nature of his arguments, petitioner's correspondence with respondent has been filled with tax-protester arguments and has not addressed the factual accuracy of respondent's determination. Petitioner has also previously attempted to use similar arguments to dispute his tax liability before this Court, and he is aware that we consider such arguments frivolous and groundless. Petitioner was unsuccessful in his prior litigation before this Court. Yet petitioner has persisted in claiming that

he is not subject to Federal income tax or income tax withholding.

Significantly, petitioner also filed false Forms W-4 with his employers, in which he claimed not to be subject to Federal income tax or income tax withholding. We have held that the filing of false Forms W-4 based upon a taxpayer's purported belief that he is exempt from tax is evidence of fraud. See Rowlee v. Commissioner, supra at 1125; Teeters v. Commissioner, T.C. Memo. 2010-244; see also United States v. Kelley, 769 F.2d 215, 217 (4th Cir. 1985) (it was deceptive to file Forms W-4 claiming, on the basis of frivolous arguments, that wages were exempt from income tax).

We conclude that the record shows by clear and convincing evidence that petitioner understated his income and that petitioner's failure to file a valid return was fraudulent. Consequently, we hold that petitioner is liable for the fraud addition to tax pursuant to section 6651(f) for his 2005 tax year.

Finally, we consider whether we should impose on petitioner a penalty pursuant to section 6673(a)(1). Section 6673(a)(1) provides that this Court may require the taxpayer to pay a penalty not in excess of $25,000 whenever it appears to this Court: (a) The proceedings were instituted or maintained by the

taxpayer primarily for delay; (b) the taxpayer's position is frivolous or groundless; or (c) the taxpayer unreasonably failed to pursue available administrative remedies.  Respondent has moved that the Court impose a penalty in the instant case.  We have already imposed a $1,000 penalty pursuant to section 6673(a)(1) on petitioner in petitioner's prior case, during which he raised substantially the same arguments that he has now raised in the instant case.  Apparently, the $1,000 penalty did not deter petitioner from making frivolous and groundless arguments before this Court.  Accordingly, we shall impose a $2,000 penalty on petitioner pursuant to section 6673.  If petitioner persists in raising frivolous arguments before this Court, wasting time and resources that should be devoted to taxpayers with genuine controversies, and continues to refuse to shoulder his fair share of the tax burden, we will not hesitate in the future to impose a significantly higher penalty.  Petitioner should think carefully before he files another frivolous or groundless petition with this Court.

In reaching these holdings, we have considered all the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.[3]

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.

---

[3]Petitioner devoted large portions of his argument at trial to the issue of whether respondent was entitled to assess a frivolous return penalty pursuant to sec. 6702. However, we lack jurisdiction in a deficiency proceeding to review the Commissioner's determination to assess the frivolous return penalty under sec. 6702. <u>Van Es v. Commissioner</u>, 115 T.C. 324, 328-329 (2000).