T.C. Memo. 2012-304

UNITED STATES TAX COURT

JOHN H. NIX III, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 7392-09, 24620-09.          Filed November 1, 2012.

John H. Nix III, pro se.

<u>Randall B. Childs</u> and <u>Robert Walter Dillard</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PARIS, <u>Judge</u>:  On December 31, 2008, respondent issued to petitioner a

notice of deficiency which determined a Federal income tax deficiency of $10,054

and the following additions to tax for tax year 2003:  $7,016.55 under section

[*2] 6651(f); $2,419.50 under section 6651(a)(2); and $248.65 under section 6654.[1]

On July 22, 2009, respondent issued to petitioner a second notice of deficiency that determined a Federal income tax deficiency of $8,944 and the following additions to tax for tax year 2004: $6,484.40 under section 6651(f); $2,146.56 under section 6651(a)(2); and $256.30 under section 6654. Petitioner timely filed petitions with this Court for tax years 2003 and 2004 on March 25 and October 16, 2009, respectively. On November 19, 2010, these cases were consolidated for the purpose of trial, briefing, and opinion.

After concessions by the parties,[2] the issues for determination are: (1) whether petitioner failed to report income in the amounts respondent determined, including miscellaneous dividends and capital gain income, for tax years 2003 and 2004; (2) whether petitioner is liable for an addition to tax under section 6651(f) for fraudulent failure to file for tax years 2003 and 2004; (3) whether petitioner is liable for an addition to tax under section 6651(a)(2) for failure to timely pay income tax for tax years 2003 and 2004; (4) whether petitioner is liable for an

---

[1]All section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rule of Practice and Procedure, unless otherwise indicated.

[2]Petitioner previously filed his 2003 and 2004 tax returns with a filing status of single. Petitioner has conceded, among other things, that he was married during 2003 and 2004 and should have used a filing status of married filing separately.

[*3] addition to tax under section 6654 for failure to make estimated tax payments for tax years 2003 and 2004; (5) whether, if petitioner is not liable under section 6651(f), petitioner is liable for a fraud penalty under section 6663 or an accuracy-related penalty for negligence under section 6662(a) for tax years 2003 and 2004; and (6) whether petitioner is liable for a penalty under section 6673.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received in evidence are incorporated herein by this reference. Petitioner resided in Florida at the time his petitions were filed.

Beginning in November 2002 petitioner began working for and receiving compensation from T-Mobile USA (T-Mobile). In tax year 2003 petitioner submitted to T-Mobile a Form W-4, Employee's Withholding Allowance Certificate, claiming he was exempt from Federal tax. At the end of tax year 2003 T-Mobile issued to petitioner a Form W-2, Wage and Tax Statement (2003 Form W-2). The 2003 Form W-2 showed wages of $60,770 and withholding of $346.41 for Federal income tax, $3,767 for Social Security tax, and $881 for Medicare tax.

Petitioner filed a Federal income tax return for tax year 2003 on December 22, 2006, claiming single filing status and a refund of $5,025. Petitioner reported that he had zero taxable income and zero tax liability for tax year 2003. Petitioner

[*4] submitted with his 2003 tax return a self-prepared Form 4852, Substitute for Form W-2, Wage and Tax Statement, or Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., showing zero wages and withholdings of $376 for Federal income tax, $3,767 for Social Security tax, and $881 for Medicare tax.

In 2004 petitioner again completed and submitted a Form W-4 to T-Mobile in which he claimed to be exempt from Federal income tax. At the end of tax year 2004 T-Mobile again issued to petitioner a Form W-2 (2004 Form W-2). The 2004 Form W-2 showed wages of $57,768 and withholding of zero for Federal income tax, $3,519 for Social Security tax, and $823 for Medicare tax.

Petitioner filed a Federal income tax return for tax year 2004 on February 23, 2007, claiming single filing status and a refund of $4,343. Petitioner again reported that he had zero taxable income and zero tax liability for tax year 2004. Petitioner attached to his 2004 Federal income tax return another self-prepared Form 4852 showing zero wages with withholdings of $2,221 for State income tax, $3,519 for Social Security tax, and $823 for Medicare tax.

On April 30, 2008, petitioner filed Form 1040X, Amended U.S. Individual Income Tax Return, for tax year 2004 reflecting a change in filing status from single to married filing separately. Petitioner again reported that he had zero

**[\*5]** taxable income and that he was entitled to a refund of $4,343. Petitioner again attached to his amended return a self-prepared Form W-2 in which he claimed he had zero taxable income and withholdings of $2,221 for State income tax, $3,519 for Social Security tax, and $823 for Medicare tax.

On July 25, 2008, respondent prepared a substitute for return on behalf of petitioner under section 6020(b) stating that for tax year 2003 petitioner received $60,770 in wages, $1 in qualified dividends, and $1 in capital gain income. On April 3, 2009, respondent prepared a substitute for return on behalf of petitioner under section 6020(b) stating that for tax year 2004 petitioner received $56,768 in wages and $2 in dividends. These substitutes for returns each consisted of a Form 4549, Income Tax Examination Changes, a Form 886-A, Explanation of Items, and a Form 13496, IRC Section 6020(b) Certification.

OPINION

I. Unreported Income

Section 61(a) defines gross income as "all income from whatever source derived", including "[c]ompensation for services, including fees, commissions, fringe benefits, and similar items". Wages and salaries are compensation for services that are includible in gross income. See sec. 1.61-2(a), Income Tax Regs.

**[\*6]** Additionally, both dividends and gain realized on the sale or exchange of property are includible in gross income. Secs. 1.61-6, 1.61-9, Income Tax Regs.

Ordinarily, the Commissioner's determination of tax liability is presumed correct. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); see Bone v. Commissioner, 324 F.3d 1289, 1293 (11th Cir. 2003), aff'g T.C. Memo. 2001-43. However, when a case involves unreported income, the U.S. Court of Appeals for the Eleventh Circuit, to which these cases would be appealable absent a stipulation to the contrary, has held that the Commissioner's determination of unreported income is entitled to a presumption of correctness only if the determination is supported by a minimal evidentiary foundation linking the taxpayer to an income-producing activity. Blohm v. Commissioner, 994 F.2d 1542, 1549 (11th Cir. 1993), aff'g T.C. Memo. 1991-636. Once the Commissioner produces evidence linking the taxpayer to an income-producing activity, the presumption of correctness applies and the burden of production shifts to the taxpayer to rebut that presumption by establishing that the Commissioner's determination is arbitrary or erroneous. Id.

The record establishes, and petitioner has conceded, that he received payments as reported by T-Mobile on Forms W-2 for the years at issue. The Court concludes that respondent has laid the requisite minimal evidentiary foundation

**[*7]** for the contested unreported income and that respondent's determinations are entitled to the presumption of correctness.

Petitioner argues that the compensation amounts he received are not wages and that the term "wage" is undefined and thus has no force or effect of law. The relevant Code section for the computation of taxable income is section 61(a), which does not use the word "wages", but instead defines gross income as "all income from whatever source derived", including "compensation for services". Sec. 61(a)(1); Wnuck v. Commissioner, 136 T.C. 498, 506 (2011).

Petitioner's argument resembles others which have been deemed frivolous by this Court and the U.S. Court of Appeals for the Eleventh Circuit. See Wnuck v. Commissioner, 136 T.C. 498; see also United States v. Morgan, 419 Fed. Appx. 958, 959 (11th Cir. 2011); United States v. Ward, 833 F.2d 1538, 1539 (11th Cir. 1987). Petitioner admitted at trial to receiving compensation for services he provided to his employer T-Mobile in tax years 2003 and 2004. Petitioner's own statement falls within the definition of gross income under section 61(a). Petitioner has failed to provide any credible evidence or sound reasoning as to why his compensation from T-Mobile is not taxable income. In addition, petitioner has failed to dispute at all respondent's determination that he received $1 of dividend income for tax year 2003, $1 of capital gain for tax year 2003, and $2 of dividend

[*8] income for tax year 2004. Accordingly, respondent's determinations with respect to petitioner's unreported income for tax years 2003 and 2004 are sustained.

## II. Section 6651(f) Addition to Tax

Respondent determined that petitioner was liable for a section 6651(f) addition to tax for fraudulently failing to timely file his 2003 and 2004 Federal income tax returns. Respondent must establish by clear and convincing evidence that petitioner's failure to timely file was an intentional attempt to evade tax believed to be owing. See sec. 7454(a); Rule 142(b); Clayton v. Commissioner, 102 T.C. 632, 653 (1994); Herrington v. Commissioner, T.C. Memo. 2011-73.

Section 6651(a)(1) imposes an addition to tax for failure to timely file a Federal income tax return. Section 6651(f) provides that the section 6651(a)(1) addition to tax shall be increased to 15% of the tax required to be shown on the return for each month or fraction thereof for which there is a failure to file a return, up to 75% in the aggregate, where such failure to timely file is fraudulent. Fraud is established by proving that a taxpayer intended to evade tax believed to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of tax. Clayton v. Commissioner, 102 T.C. at 647.

**[*9]** Fraud consists of two elements: (1) the existence of an underpayment, and (2) fraudulent intent with respect to some portion of the underpayment. <u>Conti v. Commissioner</u>, 39 F.3d 658, 664 (6th Cir. 1994), <u>aff'g</u> 99 T.C. 370 (1992) <u>and</u> T.C. Memo. 1992-616; <u>DiLeo v. Commissioner</u>, 96 T.C. 858, 873 (1991), <u>aff'd</u>, 959 F.2d 16 (2d Cir. 1992). Respondent bears the burden of proving fraud by clear and convincing evidence. <u>See</u> sec. 7454(a); Rule 142(b).

The first element of fraud has been satisfied in this case. Respondent has presented clear and convincing evidence, through petitioner's own admissions, that petitioner had unreported income for the years at issue which would result in an underpayment. Petitioner has failed to submit any evidence which would overcome respondent's showing.

The existence of the second element, fraudulent intent, is determined by looking at the entire record and petitioner's conduct. <u>See Garavaglia v. Commissioner</u>, T.C. Memo. 2011-228; <u>Barrow v. Commissioner</u>, T.C. Memo. 2008-264. Fraud is never presumed and must be proven by independent evidence. <u>Beaver v. Commissioner</u>, 55 T.C. 85, 92 (1970); <u>Lain v. Commissioner</u>, T.C. Memo. 2012-99.

**[\*10]** In determining whether there was fraudulent intent, the Court will look at a nonexclusive list of factors, or "badges of fraud." Bradford v. Commissioner, 796 F.2d 303, 307-308 (9th Cir. 1986), aff'g T.C. Memo. 1984-601; Niedringhaus v. Commissioner, 99 T.C. 202, 211 (1992); Recklitis v. Commissioner, 91 T.C. 874, 910 (1998). These factors include: (1) failing to file income tax returns; (2) understating income; (3) failing to maintain adequate records; (4) concealing income or assets; (5) failing to cooperate with tax authorities; (6) asserting frivolous arguments and objections to the tax laws; (7) lack of credibility in testimony; and (8) failing to make estimated tax payments. Niedringhaus v. Commissioner, 99 T.C. at 211. While no single factor is determinative for establishing fraud, the existence of several "badges of fraud" may constitute compelling circumstantial evidence of fraud. Bradford v. Commissioner, 796 F.2d at 307; Rossman v. Commissioner, T.C. Memo. 2006-128.

Petitioner's behavior exhibits many of the badges listed above. First, petitioner failed to file valid Federal income tax returns for the years at issue. In order to be considered a valid tax return, a document must meet the following four requirements: (1) there must be sufficient data to calculate a tax liability; (2) the document must purport to be a return; (3) there must be an honest and reasonable attempt to satisfy the requirements of the tax law; and (4) the taxpayer must

**[*11]** execute the return under penalties of perjury. <u>Beard v. Commissioner</u>, 82 T.C. 766, 777 (1984), <u>aff'd</u>, 793 F.2d 139 (6th Cir. 1986). Applying the test in <u>Beard</u>, the Court has consistently held that a Form 1040, U.S. Individual Income Tax Return, with zeros on every income line is devoid of financial data and is therefore not a valid return. <u>See, e.g.</u> <u>Cabirac v. Commissioner</u>, 120 T.C. 163, 169 (2003); <u>Mooney v. Commissioner</u>, T.C. Memo. 2011-35; <u>Turner v. Commissioner</u>, T.C. Memo. 2004-251. Petitioner's returns for the years at issue reported zeros on every income line. Accordingly, the returns petitioner submitted were not valid.

Petitioner also filed false Forms W-4 with his employer in which he claimed that he was not subject to Federal income tax. It has been held that filing a false Form W-4 is circumstantial evidence of fraud. <u>Mooney v. Commissioner</u>, T.C. Memo. 2011-35; <u>Teeters v. Commissioner</u>, T.C. Memo. 2010-244 (holding that when the Commissioner has shown substantial amounts of unreported income on which the withholding has been reduced by submission of a false Form W-4, fraud has been established by clear and convincing evidence).

Additionally, petitioner filed his 2003 and 2004 tax returns with the filing status of single. Evidence of fraud may exist where a taxpayer knowingly files a Federal income tax return with the wrong filing status. <u>Duncan v. Commissioner</u>, T.C. Memo. 2003-156. Petitioner was in fact married during tax years 2003 and

**[*12]** 2004 and knowingly selected single filing status. Although petitioner did correct his filing status on a 1040X for tax year 2004, he did not file the amended return until April 2008.

In addition to the indicia discussed above, petitioner also failed to make estimated tax payments for the years at issue, failed to maintain adequate records of his income and expenses, and advanced many arguments that this Court has deemed frivolous. The Court concludes that the record demonstrates by clear and convincing evidence that petitioner's failure to file timely tax returns was fraudulent. Petitioner is therefore liable for the addition to tax under section 6651(f) for tax years 2003 and 2004. Since petitioner is liable under section 6651(f), there is no need to discuss respondent's alternative additional penalties under sections 6663 and 6662(a) determined in the notices of deficiency.

III. Section 6651(a)(2) Addition to Tax

Respondent determined that petitioner is liable for additions to tax under section 6651(a)(2) for failure to timely pay his 2003 and 2004 taxes. Section 6651(a)(2) provides for an addition to tax of 0.5% per month up to 25% for failure to pay the amounts shown on the return unless it is shown that the failure is due to reasonable cause and not due to willful neglect.

**[*13]** Respondent must produce sufficient evidence that petitioner filed returns showing tax liability for the years at issue. See Wheeler v. Commissioner, 127 T.C. 200, 206 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008). A return prepared by the Commissioner in accordance with section 6020(b) is treated as the return filed by the taxpayer for the purpose of determining the amount of the addition under section 6651(a)(2). Sec. 6651(g)(2); Wheeler v. Commissioner, 127 T.C. at 208-209; Glover v. Commissioner, T.C. Memo. 2010-228.

Respondent has the burden of proving that substitutes for returns satisfying the requirements of section 6020(b) were submitted. See Cabirac v. Commissioner, 120 T.C. at 170; Gleason v. Commissioner, T.C. Memo. 2011-154. A return for section 6020(b) purposes must be subscribed, it must contain sufficient information from which to compute the taxpayer's tax liability, and the return form and any attachments must purport to be a "return". Spurlock v. Commissioner, T.C. Memo. 2003-124. The Court has held that the requirements stated in Spurlock have been met where the substitutes for returns consist of Forms 4549-A, Forms 886-A, and Forms 13496, and the forms contain the taxpayer's name and Social Security number and sufficient information to compute a tax liability. Gleason v. Commissioner, T.C. Memo. 2011-154.

**[*14]** Respondent's substitutes for returns included Forms 4549-A, Forms 886-A, and Forms 13496. Furthermore, they contained petitioner's name and Social Security number and sufficient information upon which to compute a tax liability. Accordingly, respondent's substitutes for returns constitute valid section 6020(b) returns deemed to have been filed by petitioner for the purposes of section 6651(a)(2).

Petitioner did not pay any of his tax liabilities for tax years 2003 and 2004. Petitioner has failed to present any evidence that would establish that his failure to pay was due to reasonable cause, and instead he has sought to rely solely on unreasonable and unsupportable arguments. Accordingly, petitioner is liable for the addition to tax under section 6651(a)(2) for tax years 2003 and 2004.

IV. Section 6654 Addition to Tax

Section 6654(a) imposes an addition to tax for a taxpayer's failure to pay estimated income tax. The addition to tax is calculated with reference to four installment payments each equal to 25% of the required annual payment. Sec. 6654(c)(1), (d)(1)(A). The annual payment is the lesser of (1) 90% of the tax shown on the return for the taxable year (or, if no return is filed, 90% of the tax for such year), or (2) 100% of the tax shown on the taxpayer's return for the preceding

[*15] taxable year. Sec. 6654(d)(1)(B). Option (2) does not apply where a taxpayer has not filed a return for the preceding taxable year. Sec. 6654(d)(1)(B)(ii).

For the tax years at issue respondent introduced evidence to prove that petitioner had Federal income tax liabilities, that petitioner was required to file Federal income tax returns, that petitioner did not file valid Federal income tax returns for the tax years at issue, and that petitioner did not make any estimated tax payments. Therefore, respondent met his burden under section 7491(c) to show that, for each tax year at issue, petitioner had a required annual payment under section 6654(d)(1)(B) but did not make any estimated tax payments.

Petitioner had taxable income for the years at issue. Additionally, petitioner was forestalled from calculating estimated tax payments for tax year 2003 using the tax shown on his 2002 return because he failed to file a valid return for tax year 2002.[3] Petitioner stipulated that he did not make any estimated tax payments for tax years 2003 and 2004. In his filings with the Court petitioner did not allege that any of the statutory exemptions under section 6654(e) applies. Petitioner is therefore liable for the section 6654(a) additions to tax.

---

[3] Petitioner's tax return for tax year 2002 also contained zeros for all income items and was therefore invalid for the reasons previously discussed with respect to tax years 2003 and 2004.

**[\*16]** V.  <u>Section 6673 Penalty</u>

Section 6673 allows the Court to impose a penalty payable to the United States and not in excess of $25,000 whenever it appears that (1) the proceedings before it have been instituted or maintained by the taxpayer primarily for delay, (2) the taxpayer's position in such proceedings is frivolous or groundless, or (3) the taxpayer unreasonably failed to pursue available administrative remedies.

Respondent has moved for imposition of this penalty because of petitioner's lack of cooperation and his numerous frivolous filings with the Court.  Petitioner should be warned that while the Court will refrain from imposing such a penalty at this time, severe penalties may be imposed in the future if he continues to advance frivolous arguments.  Accordingly, respondent's motion to impose a penalty under section 6673 will be denied.

The Court has considered all of the parties' arguments and, to the extent not addressed herein, concludes they are moot, irrelevant or without merit.

To reflect the foregoing,

<u>An appropriate order will be issued, and decisions will be entered under Rule 155</u>.